## W. S. ROCKWELL COMPANY *v.* THE LINDQUIST HARDWARE COMPANY

INGLIS, C. J., O'SULLIVAN, WYNNE, DALY and PHILLIPS, Js.

Argued June 11—decided July 17, 1956

*Austin K. Wolf,* with whom, on the brief, were *Herbert L. Cohen* and *Martin F. Wolf,* for the appellant (plaintiff).

*Francis A. Smith, Jr.,* for the appellee (defendant).

INGLIS, C. J. The question determinative of this appeal is whether an action for breach of implied warranties of merchantable quality and fitness is premature if it is instituted before the vendee has sustained actual damage.

The complaint contains the following allegations: The plaintiff bought by description 100 feet of chain from the defendant, which dealt in goods of that nature. The plaintiff used a section of the chain as a counterweight chain to a lever operating the furnace door on an oven which it later sold in the regular course of its business to the Bullard Company. While the oven was being operated by that company, the chain broke, causing the furnace door to close upon the hand of an employee. He sued the

plaintiff for damages, and the suit is still pending. As a result, the plaintiff has suffered loss and expense in that its assets have been attached and it has spent money in preparation for the defense of the suit. As a further result, the plaintiff may suffer financial loss, depending on the outcome of the suit. "The said losses and expenses of the plaintiff constitute a breach of the implied warranty of the defendant that the aforesaid chain was of merchantable quality, all of which has caused and will cause the plaintiff to sustain great financial harm. The said losses and expenses . . . constitute a breach of the implied warranty . . . as to the fitness of the . . . chain for the . . . purpose for which it was to be used . . . ."

The defendant filed a plea in abatement on the ground that the action was prematurely brought because, it claims, before any cause of action can accrue to the plaintiff a final judgment must be rendered against it in the suit brought by the employee of the Bullard Company. A demurrer to the plea in abatement was overruled, the plea was sustained and judgment was rendered dismissing the instant action. From that judgment the plaintiff has appealed.

It is fundamental that the legal injury caused by a breach of contract is sustained at the time the contract is broken, even though the actual damage resulting from the breach is not received until a later time. *Kennedy* v. *Johns-Manville Sales Corporation*, 135 Conn. 176, 178, 62 A.2d 771. Accordingly, it is the general rule that, inasmuch as a breach of a warranty implied from a sale occurs at the time of the sale, the right of action for the breach accrues at that time. *Peterson* v. *Brown*, 216 Ark. 709, 711, 227 S.W.2d 142; *Liberty Mutual Ins. Co.* v. *Sheila-Lynn, Inc.*, 185 Misc. 689, 692, 57 N.Y.S.2d 707,

aff'd, 270 App. Div. 835, 61 N.Y.S.2d 373; *Woodland Oil Co. v. A. M. Byers & Co.*, 223 Pa. 241, 245, 72 A. 518; 1 Williston, Sales (Rev. Ed.) § 212a.

While the complaint in the case at bar alleges in substance that the losses and expenses sustained and to be sustained by the plaintiff by reason of the suit brought against it constitute the breach of warranties, this allegation is one of law, not of fact, and is obviously erroneous. From the other allegations it is clear that the claimed breach of the warranties of merchantable quality and fitness consisted of the delivery of a chain that was defective. If there was any breach of implied warranties, that breach occurred when the sale was completed by delivery of the chain. It follows that the plaintiff's right of action arose at that time, even though the damages resulting from the breach could not be ascertained until some future time. Consequently, this action was not premature.

The case of *McEvoy v. Waterbury*, 92 Conn. 664, 666, 104 A. 164, principally relied upon by the defendant, is distinguishable. One of the questions concerned a right of action in the city against its codefendant, a telegraph company which it was claimed had created the condition in a highway which caused the injuries to the plaintiff's decedent, a traveler on the highway. The court held that the right of action in favor of the city would not accrue until the plaintiff secured judgment against the city. The city's cause of action did not rest upon any breach of warranty. If the telegraph company owed any duty to the city, it was only to indemnify it against liability to the injured traveler. Until that liability was established, no cause of action in favor of the city came into existence. An obligation to indemnify another against liability to a third person

is quite different from an obligation to pay damages for a breach of warranty.

There is error, the judgment is set aside and the case is remanded with direction to sustain the demurrer to the plea in abatement and then to proceed in accordance with law.

In this opinion the other judges concurred.