CALVE BROTHERS COMPANY *v.* MASSACHUSETTS BONDING AND INSURANCE COMPANY ET AL.

SUPERIOR COURT     FAIRFIELD COUNTY     FILE No. 106136
AT BRIDGEPORT

Memorandum filed December 1, 1959

*Goldstein & Peck,* of Bridgeport, and *Pouzzner & Hadden,* of New Haven, for the plaintiff.

*Day, Berry & Howard,* of Hartford, for defendant Massachusetts Bonding and Insurance Company, and specially for Robert T. Long and Frank Zimmerman.

*Cummings & Lockwood,* of Stamford, and *Gordon, Muir & Fitzgerald,* of Hartford, for defendant Guildway Homes, Inc.

DEVLIN, J. There is pending in the United States District Court for the district of Connecticut an action brought by defendants Robert T. Long and Frank Zimmerman seeking damages for personal injuries against the plaintiff, Guildway Homes, Inc., and The Calve Company. That complaint alleges that Long and Zimmerman were injured when the former, on or about September 26, 1956, in the course of drilling in connection with the construction of the Connecticut Turnpike, struck dynamite which had been placed, and allowed to remain concealed, in a ledge of rock from 1951 to September 26, 1956, by the defendants Calve Brothers Company, Guildway Homes, Inc., and The Calve Company.

The complaint is based on three counts: the absolute liability doctrine applicable to intrinsically dangerous activities and substances, negligence and nuisance. The redress sought here is to have the question of the application of the Statute of Limitations and the existence or absence of a cause of

action in nuisance decided by this court. It is claimed that the federal court is bound by the law of the forum and, since the status of the law in this state is in doubt on these points, they are entitled to a "clear-cut" decision on the matters involved.

The law concerning the application of the Statute of Limitations, in so far as it concerns this case, seems to be settled by the case of *Handler* v. *Remington Arms Co.*, 144 Conn. 316, 321, wherein it is stated: "When the wrong sued upon consists of a continuing course of conduct, the statute does not begin to run until that course of conduct is completed." Recognition of this has already been given by the federal court. *Rogers* v. *White Metal Rolling & Stamping Corporation*, 249 F.2d 262, 264.

The nuisance count is based on a violation of General Statutes § 19-310 and the law as set out in *Worth* v. *Dunn*, 98 Conn. 51, and subsequent cases.

The counts are well pleaded and set out complaints in accordance with the stated law. Whether or not these claims can be substantiated presents a question of fact to be passed upon at the trial.

An action for a declaratory judgment is a special statutory proceeding, not one in equity. *Silberman* v. *McLaughlin*, 129 Conn. 273, 276. One limitation upon its use is that there must be an issue in dispute or "substantial uncertainty of legal relations which requires settlement between the parties." Practice Book § 277 (b). This provision means no more than that there must appear a sufficient practical need for the determination of the matter. *Hill* v. *Wright*, 128 Conn. 12, 19. And that need must be determined in the light of the particular circumstances involved in each case. *James* v. *Alderton Dock Yards, Ltd.*, 256 N.Y. 298, 305. In the opinion of the court, this need does not exist, but the decision is also based

upon § 277 (c) of the Practice Book, which provides that no such judgment shall be rendered where the court is "of the opinion that the parties should be left to seek redress by some other form of procedure."

One of the broad purposes of the declaratory judgment law is to serve the peace and good order of the community by settling rights in such a way as to prevent litigation. *National Transportation Co.* v. *Toquet,* 123 Conn. 468, 483. Since questions of fact are presented, the court in the exercise of its discretion believes the determination of these issues should be left to the personal injury action pending. *South Norwalk Trust Co.* v. *Knapp,* 128 Conn. 426, 432; *Sturtevant* v. *Sturtevant,* 146 Conn. 644, 650. In view of the above the parties are not entitled to the relief sought.

Judgment may enter for the defendants on the issues of the complaint, and for the plaintiff on the counterclaim.