JOHN NUCLO *v.* ASSOCIATED REALTY CORPORATION ET AL.

SUPERIOR COURT · NEW HAVEN COUNTY AT NEW HAVEN · FILE No. 85107

Memorandum filed January 27, 1960

*Howard D. Olderman,* of Ansonia, for the plaintiff.

*O'Keefe, Johnson, O'Keefe & Mulvey,* of New Haven, for Pride Upholstering Company, intervening plaintiff.

*Wiggin & Dana,* of New Haven, for defendant F. S. Payne Company.

*Gumbart, Corbin, Tyler & Cooper,* of New Haven, for defendant Associated Realty Corporation.

THIM, J. Under the complaint, the plaintiff John Nuclo seeks to recover damages from two defendants for personal injuries he claims he sustained because of the alleged negligent manner in which an elevator was being maintained and operated on premises owned by defendant Associated Realty Corporation. Because the Pride Upholstering Company, as an employer, claims to have paid money to Nuclo under the Workmen's Compensation Act, it was permitted, pursuant to § 31-156 of the General Statutes, to intervene as a coplaintiff and file an intervening complaint. To the intervening complaint, defendant Associated Realty Corporation filed a counterclaim, and the pending motion challenges the right of Associated Realty Corporation to file this pleading.

The counterclaim alleges that the elevator is on premises which were leased to the intervening plaintiff by the Associated Realty Corporation and that the lease contains this provision: "The Lessee hereby assumes responsibility for any and all personal injuries which may occur on said premises leased herein during the Lessee's occupancy thereof, and shall hold the Lessor harmless from any claims, actions or damages for death, personal injuries, or damage to property that may arise on or within the said premises leased during the period of this lease or any extension thereof." The lease also provides: "The Lessee shall have the exclusive use of the elevator located on the south side of the premises

herein leased, during the period of its occupancy." In the event a judgment is obtained by Nuclo against Associated Realty Corporation, the counterclaim seeks a judgment for a like amount against the intervening plaintiff plus costs and a reasonable attorney's fee.

The question raised by the pending motion is whether the counterclaim can be litigated at the same time that the claims of negligence of the injured employee against Associated Realty Corporation are tried. The intervening plaintiff derived its right to intervene under § 31-156. Its right to recover the amount of a compensation award depends upon Nuclo's right to the extent that it has no cause of action unless Nuclo has a cause of action. Under the plaintiffs' complaints, they are seeking damages in a negligence action. However, the damages the intervening plaintiff can recover are limited to the amount it is obligated to pay under the Workmen's Compensation Act. To the intervening plaintiff's claim under this negligence action, Associated Realty Corporation seeks the right to have its breach of contract action litigated at the same time the claims of both plaintiffs are being resolved.

The defendant by a counterclaim under § 52-96 cannot bring in for adjudication any matter that is not so connected with the matter in controversy under the original complaint that its consideration by the court is necessary for a full determination of the rights of the parties as to such matter in controversy. *Springfield-Dewitt Gardens, Inc.* v. *Wood,* 143 Conn. 708, 713. This rule clearly applies to the claims of negligence which Nuclo has alleged against Associated Realty Corporation. To determine his claims of negligence does not require a determination of the breach of contract action filed against the intervening plaintiff. *Duffy* v. *J. W. Bishop Co.,* 99 Conn. 573, 577. The tort alleged to have been com-

mitted against Nuclo is not related to the claimed breach of contract action.

The claim is made that the rights of the intervening plaintiff and Associated Realty Corporation cannot be fully adjudicated until the intervening complaint and the counterclaim have been heard. Simply because Associated Realty Corporation may have a breach of contract action against the intervening plaintiff, it does not necessarily follow that the employee's negligence action and the counterclaim should be tried together. If the Pride Upholstering Company had not intervened, the Associated Realty Corporation could not have cited in the employer as a party defendant. The fact that Pride Upholstering Company was permitted to intervene does not constitute a valid reason for requiring Nuclo to try his action at the same time the counterclaim is to be tried. Separate and distinct issues are involved and Nuclo's claims differ materially from the claim of Associated Realty Corporation against the employer. Although Associated Realty Corporation may have the right to have withheld payment of any money to the intervening plaintiff until the allegations of the counterclaim are resolved, it is not entitled to have the breach of contract action tried as part of the tort case.

For an additional reason, the tort and counterclaim actions should not be tried together. Associated Realty Corporation is relying on a provision in a lease wherein it is claimed the intervening plaintiff agreed to hold the lessor harmless from personal injuries claims arising on or within the premises. The undertaking of Pride Upholstering Company (lessee) was to indemnify Associated Realty Corporation against liability to a third person. Until the liability is established, no cause of action comes into existence. Under this rule, the counterclaim in the instant case fails to state a cause

of action against the intervening plaintiff. *McEvoy* v. *Waterbury*, 92 Conn. 664, 666; *W. S. Rockwell Co.* v. *Lindquist Hardware Co.*, 143 Conn. 684, 686.

For the aforesaid reasons, it is concluded that the Associated Realty Corporation is not entitled to file the counterclaim to the intervening complaint of the plaintiff. The motion is granted.