George **BOAINS**

v.

**LASAR MANUFACTURING COM-
PANY, Inc.**

**Civ. No. 12944.**

United States District Court,
D. Connecticut.

June 4, 1971.

George D. Royster, Jr., Halloran, Sage, Phelon & Hagarty, Hartford, Conn., for plaintiff.

Robert E. Mansfield, West Hartford, Conn. (Atty., for intervening plaintiff, V. Tom Corp. d/b/a Wethersfield Super Market,) c/o Courtney, Mansfield, Sullivan & Ripley, West Hartford, Conn.

F. Timothy McNamara, Hartford, Conn., for defendant.

## RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BLUMENFELD, District Judge.

Defendant Lasar Manufacturing Company, Inc. has moved for summary judgment in this diversity action on the ground that plaintiff's claims are barred by the applicable statutes of limitations. The suit arises out of an injury which the plaintiff sustained in November 1968 while operating a meat-grinding machine manufactured and delivered by the defendant in 1953. Plaintiff's complaint, filed in January 1969, sets out three separate causes of action: one sounding in strict tort liability; another in implied warranty; and a third in negligence. *See* Rossignol v. Danbury School of Aeronautics, Inc., 154 Conn. 549, 227 A.2d 418 (1967).

■ There is no doubt that Connecticut law applies to the issues presented. Ricciuti v. Voltarc Tubes, Inc., 277 F.2d 809, 810 (2d Cir. 1960). Nor is there doubt that any claim based on implied warranty is barred, whether the applicable statute of limitations is that governing tort actions, Conn.Gen.Stats. § 52–577, *see* Rempe v. G. E. Co., 28 Conn.Sup. 160, 162, 254 A.2d 577 (Super.Ct. Htfd. Cty.1969); Abate v. Barkers of Wallingford, Inc., 27 Conn.Sup. 46, 51–52, 229 A.2d 366 (Ct. of Comm. Pleas, N.H.Cty.1967), or that governing contract actions, § 52–576. In either event, the warranty allegedly breached was not one with respect to the future condition of the chattel, *see* Conn.Gen.Stats. § 42a–2–725(2), and consequently the cause of action accrued on the date of delivery of the chattel. W. S. Rockwell Co. v. Lindquist Hardware Co., 143 Conn. 684, 687, 125 A.2d 173 (1956); Conn.Gen.Stats. § 42a–2–725(2). Since any possibly applicable statute would have long since run by January 1969, summary judgment is granted as to the breach of warranty count.

■ The applicable limitations statute for the negligence count is Conn. Gen.Stats. § 52–584, which provides in pertinent part:

"No action to recover damages for injury to the person * * * caused by negligence * * * shall be brought but within two years from the date

when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of * * * "

Defendant's acts or omissions prior to January 1966 cannot, therefore, provide any basis for plaintiff's claim of negligence, even if the injury could not reasonably have been discovered until after that time. *See* Vilcinskas v. Sears, Roebuck & Co., 144 Conn. 170, 172, 127 A.2d 814 (1956); Dincher v. Marlin Firearms Co., 198 F.2d 821, 823 (2d Cir. 1952). Since the machine which caused the injury was delivered in 1953, any cause of action based on negligence in its manufacture would be time-barred.

It is now familiar learning, however, that there is an "out" to the Connecticut limitations statute, first articulated by the Connecticut Supreme Court in Handler v. Remington Arms Co., 144 Conn. 316, 130 A.2d 793 (1957), decided just three months after Vilcinskas v. Sears, Roebuck & Co., *supra*, 144 Conn. 170, 127 A.2d 814. Expanding on a suggestion in *Vilcinskas,* 144 Conn. at 174, 127 A.2d 814, the court in *Handler,* 144 Conn. at 321, 130 A.2d at 795, held that "[w]hen the wrong sued upon consists of a continuing course of conduct, the statute does not begin to run until that course of conduct is completed." In that case, plaintiff's allegation that defendant acted negligently in failing to warn of the danger of an inherently dangerous article was held to state a claim based on conduct continuing to the time of injury and, therefore, not barred by the statute.[1]

Plaintiff's complaint in this case also alleges negligence by reason of defendant's failure to warn of a defective condition which made the machine unreasonably dangerous to its user. That is sufficient to survive defendant's motion for summary judgment on the negligence count, and the motion is denied to that extent.

■ Plaintiff's third theory of recovery is strict liability in tort. The timeliness of a claim based on that theory is governed by Conn.Gen.Stats. § 52–577. Leopold v. Zempsky, Conn.Sup. (Super.Ct.N.H.Cty., September 5, 1969) (Wright, J.); *see* Collens v. New Canaan Water Co., 155 Conn. 477, 491, 234 A.2d 825, 833 (1967) (" * * * § 52–577 is applicable to all actions founded upon a tort which do not fall within those causes of action carved out of § 52–577 and enumerated in § 52–584 or another section"); *see also,* Ricciuti v. Voltarc Tubes, Inc., *supra,* 277 F.2d 809. Section 52–577 provides that:

"No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."

Rossignol v. Danbury School of Aeronautics, Inc., *supra,* 154 Conn. at 560, 227 A.2d 418, leaves no doubt that the claim now under consideration is one of tort.

The court in *Ricciuti,* 277 F.2d at 811, concluded that Connecticut's courts would decide that the relevant language of § 52–577, being identical to that of § 52–584, was likewise subject to the "continuing course of conduct" exception carved out by the Connecticut Supreme Court in *Handler.* This court has found no Connecticut case, nor been cited to one, which would in any way contradict that estimate. Leopold v. Zempsky, *supra,* seems in fact to confirm it. In that case, Judge Wright granted summary judgment, with respect to that part of the complaint setting out a count in

---

[1]. The federal courts soon had occasion to apply "this apparent circumvention of the Connecticut statute of limitations," Bordonaro v. Westinghouse Elec. Corp., 287 F.2d 954, 956 (2d Cir. 1961), in Rogers v. White Metal Rolling & Stamping Corp., 249 F.2d 262 (2d Cir. 1957), cert. denied, 356 U.S. 936, 78 S.Ct. 777, 2 L.Ed.2d 812 (1958); *see also,* Ricciuti v. Voltarc Tubes, Inc., *supra,* 277 F.2d 809; Tarbert v. Ingraham Co., 190 F.Supp. 402, 403–404 n. 1 (D.Conn.1960) (Circuit Judge J. Joseph Smith sitting as a district judge).

strict liability, on the ground that it was barred by the statute. However, in apparent reference to that same count, he further ordered that "if the plaintiff is able to bring this case within the purview of Handler v. Remington Arms Co., 144 Conn. 316, 130 A.2d 793, an amendment to show a continuing course of conduct may be filed." *See also,* Calve Bros. Co. v. Massachusetts Bonding & Ins. Co., 22 Conn.Sup. 44, 46, 159 A.2d 819 (Super.Ct.Fairfield Cty.1959). Failing to discern any reason in logic or authority to do otherwise, this court will continue to follow the decision in *Ricciuti.*

The next question is whether a cause of action in strict tort liability based on a continuing course of conduct has been alleged. Connecticut has . adopted .the formulation of the Restatement of Torts 2d § 402A with regard to the elements necessary to a claim of strict tort liability. Rossignol v. Danbury School of Aeronautics, Inc., *supra,* 154 Conn. at 559–560, 227 A.2d 418. One of those elements is that the product which caused the injury must be "in a defective condition unreasonably dangerous to the user." *Id.* at 559, 227 A.2d at 423. Official comments to the Restatement (specifically h and j) point out that in appropriate circumstances a product may be defective or unreasonably dangerous because of the manufacturer's failure to warn users of dangers associated with its use. This ground for strict tort liability has been recognized by the courts as well. Basko v. Sterling Drug, Inc., 416 F.2d 417, 425–426 and n. 12 (2d Cir. 1969) ; Davis v. Wyeth Labs., Inc., 399 F.2d 121, 128–129 (9th Cir. 1968) ; *see* Frumer & Friedman, Products Liability § 16A[4] [e] (1970) and authorities cited ; Traynor, The Ways and Meanings of Defective Products and Strict Liability, 32 Tenn.L.Rev. 363 (1965).

Plaintiff here alleges that the machine "was in a defective condition and unreasonably dangerous to users" and that defendant "failed to warn the user of the aforesaid condition of the said machine." These allegations, it is true, do not raise in haec verba the substantive claim that the failure to warn was what rendered the product defective. Mindful, however, of the duty of the federal courts to construe pleadings generously "to do substantial justice," Fed.R.Civ.P. 8(a), and "facilitate a proper decision on the merits," Conley v. Gibson, 355 U. S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957), the court will view the pleadings already filed as sufficiently stating that narrow ground of strict tort liability.[2] Defendant has adequate notice of the nature of the plaintiff's claims and a dismissal of this count with leave to amend would serve only the interests of *"elegantia juris."* Green v. Board of Elections, 380 F.2d 445, 449 (2d Cir. 1967), cert. denied, 389 U.S. 1048, 88 S. Ct. 768, 19 L.Ed.2d 840 (1968). In the estimate of this court, Connecticut courts, having adopted the Restatement position on strict liability, would hold that the alleged failure to warn, insofar as that failure renders the product defective, is a viable basis for strict tort liability, and that its continuing nature removes the claim from the bar of § 52–577. Accordingly, defendant's motion for summary judgment is denied to that extent.

In summary, plaintiff's claims that defendant's failure to warn (1) was negligent, and (2) made the product defective and unreasonably dangerous to use, are not barred by the applicable statutes of limitations. As to those claims, the defendant's motion is denied. All other claims, being based upon noncontinuous conduct occurring prior to January 1969 are barred by those statutes; upon these, summary judgment may be entered for the defendant.

So ordered.

2. Just as claims based on negligence in the manufacture of this machine would be barred by § 52–584, *see* p. 2, *supra,* any claims based on strict liability for defects in design or manufacture would be barred by § 52–577.