JOSEPHINE GIGLIO ET AL. v. THE CONNECTICUT LIGHT
AND POWER COMPANY

SUPERIOR COURT      NEW HAVEN COUNTY      FILE No. 33789
AT WATERBURY

Memorandum filed September 24, 1971

*Watstein & Watstein,* of Bristol, for the plaintiffs.

*Carmody & Torrance,* of Waterbury, for the defendant.

MEYERS, J. This action, in four counts, seeks to recover in behalf of the plaintiffs for claimed personal injuries and damage allegedly suffered by them as a result of a gas explosion in their home. It is alleged in the substitute complaint that the defendant is responsible on several theories, including those of continuing negligence, breach of warranty, and a sale to the plaintiff Josephine Giglio by the defendant of equipment, termed as a safety unit, in a defective and dangerous condition.

In addition and as contained in the fourth count of the substitute complaint, these plaintiffs have set forth as a basis of recovery what purports to be a

claim of strict tort liability. The defendant's demurrer, addressed to this count alone, is on the single ground that if there was any of the tortious conduct on the part of the defendant so claimed, it occurred at the time of the sale of the safety unit without its being a "continuous course of conduct."

Allegations attacked by a demurrer are construed in a way most favorable to the pleader. The demurrer admits facts well pleaded. Here, the question arises whether the substitute complaint, specifically the fourth count thereof, alleges facts sufficient to set forth a recognizable and good cause of action in strict liability against this defendant. *Rossignol* v. *Danbury School of Aeronautics, Inc.,* 154 Conn. 549, 557, 558, and cases cited. In *Rossignol,* the basis of recognition by our state Supreme Court of the pertinent rule of law as contained in Restatement (Second), 2 Torts § 402 A, "Special Liability of Seller of Product for Physical Harm to User or Consumer," rests " 'on the public policy of protecting an innocent buyer from harm rather than on the ensuring of any contractual rights.' " Id., 559.

It might be observed parenthetically that an examination of § 402 A of the Restatement, supra, and its accompanying comments, would suggest a conclusion, among others, that little has been borrowed from the past but much has been provided for the present as a basis for future and further development to ensure the goal of major protection of the consumer under "strict liability."

Further, it is observed that in the fourth count these plaintiffs have claimed, inter alia, a continuing course of conduct from the time of the sale of the safety unit until the injuries which occurred on October 7, 1967. Exactly when the sale occurred and what the precise course of the claimed continu-

ing conduct was have neither been set out nor questioned. This leaves open the opportunity of proof if needed and for whatever it may be worth. *Handler* v. *Remington Arms Co.,* 144 Conn. 316, 321.

It would appear that the true problem presented is not necessarily whether or not there is a continuing wrong per se from the time of sale. Rather, the question is, When did that occur which completed a basis for a claim under the theory of strict liability? Here, perhaps, an example might serve a purpose. It is conceivable that the purchaser or user of a food product properly bought for human consumption finds, as he is about to enjoy it, that there is a defect in it, unreasonably dangerous in that it is peculiarly offensive, deleterious or poisonous. Even without consumption of that product, there might be some cause of action against the seller in favor of the consumer. There could, however, be no cause in strict tort liability accruing to the user or consumer until a physical harm or injury occurred to him, such as a seizure or illness after he has eaten the food. Whether it be an illness or a physical harm to the ultimate user or consumer, the occurrence of such an element is a condition precedent to the accrual of the type of action here discussed. Restatement (Second), 2 Torts § 402 A & comments.

The seller of any product in a defective condition which is unreasonably dangerous to the user or consumer is subject to liability for physical harm caused. *Wachtel* v. *Rosol,* 159 Conn. 496, 500. It is true that no cause of action for strict tort liability accrues until at least the harm or injury occurs. It follows that such an action cannot properly be commenced, nor does the Statute of Limitations begin to run, until that requirement is met. 23 Vanderbilt L. Rev. 787; 51 Am. Jur. 2d, Limitation of Actions, §§ 107, 111, 119, and notes thereunder. "[A] cause of action accrues only when the force wrongfully put

in motion produces injury, the invasion of personal or property rights occurring at that time." 51 Am. Jur. 2d 703, Limitation of Actions, § 135, & see n.3.

Under the fourth count of this substitute complaint, a cause of action of strict tort liability is stated.

For the foregoing reasons, this demurrer is overruled.