Audry BROWN

v.

MERROW MACHINE COMPANY.

H. A. BROWN

v.

MERROW MACHINE COMPANY.

Civ. Nos. H–74–47, H–74–48.

United States District Court,
D. Connecticut.

April 1, 1976.

Alex W. Newton, Birmingham, Ala., George D. Royster, Jr., Hartford, Conn., for plaintiffs.

Robert J. Cathcart, Thomas D. Clifford, Coleman H. Casey, Shipman & Goodwin, Hartford, Conn., for defendant.

## RULING ON MOTION FOR SUMMARY JUDGMENT

BLUMENFELD, District Judge.

On October 4, 1972, while she was operating a sewing machine manufactured by the defendant Merrow Machine Company, the plaintiff, Audry Brown, lost one of her eyes when the needle in the machine broke and she was struck by a fragment. The accident occurred at her place of employment in Anniston, Alabama. On October 4, 1973, she and her husband filed suits against the defendant in the Northern District of Alabama, alleging negligence and breach of warranty.

In a ruling dated February 1, 1974, the District Court for the Northern District of Alabama found that it did not have personal jurisdiction over the defendant; but, rather than dismiss the actions, it ordered them transferred, at the plaintiffs' request, to this district pursuant to 28 U.S.C. § 1404(a). The actions were then filed in this court on February 8, 1974.

On April 3, 1975, the plaintiffs were allowed to amend their complaints to add a third claim, in strict liability for tort. In the present motion, the defendant moves for summary judgment on all three theories on the ground that each theory is barred by the appropriate Connecticut statute of limitations.

### I. Jurisdiction and Choice of Law

■ The plaintiffs are residents of the State of Alabama. The defendant corporation is not incorporated in the State of Alabama and does not have its principal place of business there. The amount in controversy in each action exceeds ten thousand dollars. Consequently this court has jurisdiction pursuant to 28 U.S.C. § 1332.

■ Since jurisdiction in this court is based on diversity of citizenship, this court is bound to apply the substantive law of Connecticut, *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), including the applicable Connecticut Conflict of Law rules.

*Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). This is true even though this action was originally filed in Alabama, since it was transferred here at the plaintiffs' request in order to avoid a dismissal for lack of personal jurisdiction. *See Kaiser v. Mayo Clinic*, 260 F.Supp. 900 (D.Minn.1966), *aff'd*, 383 F.2d 653 (8th Cir. 1967); 1 J. Moore, *Federal Practice*, ¶ 0.145[4.–5]. *Cf. Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964).

■■■ Although Connecticut courts generally apply the law of the place of injury in torts cases, *Bissonnette v. Bissonnette*, 145 Conn. 733, 142 A.2d 527 (1958), they apply their own law, regardless of the situs of the tort, when the question is "procedural" rather than "substantive." Under Connecticut law the statute of limitations, with some narrow exceptions not applicable here, is considered a procedural question, and the Connecticut statute is applied even when the injury occurred in another state. *Thomas Iron Co. v. Ensign-Bickford Co.*, 131 Conn. 665, 670, 42 A.2d 145 (1945). Consequently, in determining whether the claims in this action are time barred, this court must determine and apply the proper Connecticut statutes as they have been authoritatively construed by the Connecticut courts. *Guaranty Trust Co. v. York*, 326 U.S. 99, 109, 65 S.Ct. 1464, 1470, 89 L.Ed. 2079, 2086 (1945); *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).[1]

II. *The Statute of Limitations*

A. *The Strict Liability Theory*

■■■ In Connecticut, actions sounding in strict liability are governed by the statute of limitations set out in Conn. Gen.Stat.Ann. § 52–577. *Collens v. New Canaan Water Co.*, 155 Conn. 477, 491,

234 A.2d 825 (1967). That statute provides:

> "*Action founded upon a tort*
>
> "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."

This statute was early construed, in the case of the sale of a dangerous or defective product, to run from the date of the original sale. *Dincher v. Marlin Firearms Co.*, 198 F.2d 821 (2d Cir. 1952). Several courts, including this one, have recognized the apparent inconsistency in allowing the statute of limitations to run in some cases even before a plaintiff had suffered any injury, and so have interpreted a claim of strict tort liability to include an allegation that the manufacturer had violated a continuing duty to warn purchasers of the hazardous nature of his product. This continuing violation served to toll the running of the statute of limitations. *Boains v. Lasar Manufacturing Co.*, 330 F.Supp. 1134 (D.Conn. 1971); *Giglio v. Connecticut Light & Power Co.*, 29 Conn.Sup. 302, 284 A.2d 308 (Super.Ct., New Haven Co. 1971).

Since it is undisputed in this case that the sale of the sewing machine by the defendant occurred in October 1962,[2] ten years before the injury occurred, the plaintiffs, understandably, seek to claim that the defendant is strictly liable for his continuing failure to warn them of the defective condition of his machine.

However, this attempt to mitigate the otherwise harsh effects of the Connecticut statute has decisively been brought to an end by a recent decision of the Connecticut Supreme Court, *Prokolkin v. General Motors Corp.*, —— Conn. ——, 37 Conn.L.J. No. 36, at 8 (March 2, 1976). In that decision the court held that:

---

1. This is, therefore, one of those cases where the controlling law is "substantive" for purposes of the *Erie* doctrine, *Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945), and yet is "procedural" for choice of law purposes.

2. Affidavit of John M. Washburn, Jr., Treasurer of Merrow Machine Company, January 15, 1974. Exhibit A to Defendant's Motion for Summary Judgment.

"Accordingly, we find no error in the conclusion of the trial court that the 'act or omission complained of' in an action based upon the *Rossignol*[3] theory of strict liability is the sale of the defective product, and that an allegation of continuing failure to warn of danger after discovering a defect does not prevent the statutory bar of § 52–577 from commencing to run at the date of sale. As indicated previously, this result is mandated by the wording of the statute, and it is clear from the amendments to the Statute of Limitations since our decisions in *Vilcinskas*[4] and *Handler*[5] that the legislature fully intended the results created by the 'act or omission' language." [6]

37 Conn.L.J. No. 36, at 11–12.

Applying the statute as it has now been conclusively interpreted to the facts of this case, it is clear that the plaintiffs' strict liability claim is time barred.[7] The motion for summary judgment in favor of the defendant on this theory is therefore granted.

**B. *The Implied Warranty Theory***

█ The court in *Prokolkin* did not specifically address the question of the statute of limitations for the breach of warranty theory. Earlier Connecticut cases have held that the limitations period for such a claim begins to run at the date of sale. *W. S. Rockwell Co. v. Lindquist Hardware Co.*, 143 Conn. 684, 125 A.2d 173 (1956). Since it is undisputed that the sale took place in 1962, it is clear that both of the possible statutes, either for tort, Conn.Gen.Stat.Ann. § 52–577, or for contract, Conn.Gen.Stat. Ann. § 52–576 (1976 Supp.), would have long since run. Consequently the claim under this theory must also be dismissed. *See Boains v. Lasar Manufacturing Co.*, 330 F.Supp. 1134 (D.Conn.1971).

**C. *The Negligence Theory***

In Connecticut, actions sounding in negligence are governed by their own statute of limitations, Conn.Gen.Stat. Ann. § 52–584 (1976 Supp.).[8] This statute places the double burden on the plaintiff of bringing his action within two years of the date when the injury was sustained or discovered, and in any event bringing it within three years of the date of the act or omission complained of.

The first half of this burden has been met since the action was filed within

---

**3.** *Rossignol v. Danbury School of Aeronautics, Inc.*, 154 Conn. 549, 227 A.2d 418 (1967).

**4.** *Vilcinskas v. Sears, Roebuck & Co.*, 144 Conn. 170, 127 A.2d 814 (1956).

**5.** *Handler v. Remington Arms Co.*, 144 Conn. 316, 130 A.2d 793 (1957).

**6.** The court also stated:
"Because of the distinction created in the Connecticut limitation statutes between the injury and the tortious conduct which caused it, it is, indeed, possible, on occasions, to bar an action even before the cause of action accrues. However, this court explicitly accepted that anomalous result in *Vilcinskas v. Sears, Roebuck & Co.*, 144 Conn. 170, 127 A.2d 814 . . . ."
37 Conn.L.J. No. 36, at 10.

**7.** The court did, however, distinguish a strict liability claim where it is the failure to warn of a dangerous propensity which is itself the defect upon which the liability claim is based. *Prokolkin*, at 11 n. 6. *See also Boains v. Lasar Mfg. Co.*, 330 F.Supp. 1134, 1137 (D.Conn.

1971); *Restatement (Second) of Torts*, § 402A, comments *h* and *j*.

**8.** That section provides:
*"Limitation of Action for Injury to Person or Property*

"No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed."

two years of the date when the plaintiff sustained her injury.

The defendant contends that the language "more than three years from the date of the act or omission complained of" in § 52–584 should be interpreted to have the same effect as the similar language in § 52–577, and that this statute should also be held to run from the date of sale.

■ This argument has already been rejected, however, by the Connecticut courts. The theory of a "continuing duty to warn," which has now been rejected as a strict liability duty, has been explicitly accepted as a basis of a cause of action sounding in negligence. *Prokolkin v. General Motors Corp.*, —— Conn. ——, 37 Conn.L.J. No. 36, at 8 (March 2, 1976); *Handler v. Remington Arms Co.*, 144 Conn. 316, 130 A.2d 793 (1957).

As the court stated in *Prokolkin*:

"Any duty owed by this defendant to warn owners of 1959 Corvettes of a potential danger created by the slip differential was a duty of reasonable care, the breach of which would constitute negligence, and, had the plaintiff brought timely suit in negligence for the continuing failure to warn, that continuous course of conduct would have constituted the 'act or omission complained of,' and *Handler* would have been applicable."

37 Conn.L.J. No. 36, at 11.

The defendant argues further, however, that even if there is a continuous duty to warn under Connecticut law, the plaintiffs have not alleged a violation of this duty in their complaints and consequently cannot now rely on it to avoid summary judgment.

■ The Federal Rules of Civil Procedure, which govern this issue,[9] do not require that negligence be pleaded with specificity. Rule 9, Fed.R.Civ.P. The only requirement is that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Rule 8(a)(2), Fed.R.Civ.P. In their complaints, the plaintiffs allege that the injury suffered was proximately caused by the defendant's negligent distribution of the sewing machine.[10] This was clearly sufficient to put the defendant on notice of a claim which includes a violation of a duty to warn of a known or reasonably discoverable danger.

■ Since these complaints were filed within two years of the date when Mrs. Brown sustained her injury, and since that injury is allegedly the result of the violation by the defendant of its continuing duty to warn her of the danger of such an injury occurring, I hold that the allegations of the complaint which sound in negligence are not barred by the applicable statute of limitations as it has been construed by the Supreme Court of Connecticut.

## III. *Conclusion*

The motion for summary judgment against the plaintiffs' claims which sound in strict liability and breach of warranty is granted. It is, however, denied insofar as it challenges the allegations which sound in negligence.

### SO ORDERED.

**9.** *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). Connecticut law, however, would probably not yield a different result. *See Prokolkin v. General Motors Corp.*, —— Conn. ——, 37 Conn.L.J. No. 36, at 8, 9 n. 2 (March 2, 1976).

**10.** The complaint contains the following allegation:

"5. . . . [P]laintiff avers that the defendants negligently manufactured or negli-

gently distributed the said sewing machine in that it was not equipped with a safety shield and was not reasonably safe to be operated for the purpose for which it was intended, and as a proximate consequence of said negligence of defendants the plaintiff was injured and damages as set forth in ¶ 4."