[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This motion for summary judgment is based on the assertion that the third party complaint against S.I.C.O. Portable Floors, is time barred. There is no dispute as to any material fact. At the outset it is noted that this defendant has not pleaded any statute of limitation as a special defense. Connecticut Practice Bk. 164. Nevertheless, the failure to do so may be treated as waived for the purpose of this motion since no objection has been raised to the court's consideration of the motion on this ground. Pepe v. New Britain, 203 Conn. 281, 286. Accordingly, waiver is hereby found, thus enabling consideration of the motion on its merits.
The defendant treats the complaint as if it were a conventional products liability claim under 52-572 et. seq. In fact, it is a complaint for indemnification which may in part sound in product liability, and in other, part in negligence. To the extent that it sounds in negligence, it is not subject to the limitation imposed on actions for indemnification in Kyrtatas v. Stop Shop, Inc., 205 Conn. 694. Whether the actual gravamen of the third party complaint is products liability or common law CT Page 2949 negligence, is not before me as the motion for summary judgment is limited to the statute of limitations. Insofar as the third party complaint can survive the principle enunciated in Kyrtas, a right to indemnification does not arise until the plaintiff in the underlying action secures a judgment against the defendant. Rockwell Co. v. Linquist Hardware Co., 143 Conn. 684, 687. Since there has been no judgment, and therefore no obligations to pay, no right of indemnification has yet accrued. The motion is denied.
MOTTOLESE, J.