[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff brings this action on her own behalf and on behalf of her twin sons who all resided at 62 Laurel Street, second floor, Waterbury, Connecticut from the summer of 1985 through June 1, 1990. On June 30, 1988, the "Twins" were diagnosed as having lead poisoning and claim injuries resulting therefrom. The plaintiff has sued all of those who owned these premises from June, 1973 to the date of this complaint, June 21, 1991. The plaintiffs' claims sound in strict liability tort and Connecticut Unfair Trade Practices (CUTPA) violations. The instant motion for Summary Judgment is made by the defendant Lemieux who was the owner of the premises from August 5, 1986 through February 13, 1987. This defendant claims that those counts directed against him, counts 3 and 4 in tort and the CUTPA claims in counts 9 and 10 are time barred by the applicable statute of limitations. The parties do not dispute the above mentioned relevant dates. The applicable statutes are 52-577, the tort Statute of Limitations and 42-110g(f), the CUTPA statute of Limitation. Section 52-577 permits claims to be brought within three years from the date of the "act or omission complained of". Section 42-110g(f) allows claims to be instituted within three years "after the occurrence of a violation".
The defendant argues that the date of the "act or omission" and "occurrence" as to him was the last day he owned the premises, February 13, 1987 and therefore the plaintiff is precluded from bringing this action since the date of the complaint June 21, 1991 is beyond the three year permissible period. The plaintiff claims that the critical date is not the date of the "act" or "occurrence" but the date the "act" or "occurrence" became known to the plaintiff, which was June 30, 1988, well within both statute of limitations.
Our Supreme Court held in Prokolkin v. General Motors Corporation, 170 Conn. 289, that the critical date as to the running of the statute is the date of the conduct and not the date when the plaintiff sustains damage. Id. at 297. Recently the court in Finchera v. Mine Hill Corporation, 207 Conn. 204 (1988) CT Page 4376 reiterated the law with respect to 52-577 precluding the construction of the statute which would delay the "start of the limitation period until the cause of action has accrued or the injury has occurred." Id at 212. This same court was "unable to perceive any significant distinction applicable to this case between the "act or omission" reference, denoting the start of the limitation period in 52-577 and 52-584, and the occurrence of a violation phrase in 42-110g(f), setting the time when the three year period begins for bringing an action alleging a CUTPA violation." Id. at 213.
The court agrees that the last day this defendant could have committed an "act", "omission" or "violation" was the last day he owned the property on February 13, 1987. The court rejects the plaintiffs' argument that this case should be distinguished from Prokolkin and Giglio v. Connecticut Light Power, 29 Conn. Sup. 302, because this case deals with a situation involving strict liability of a hazardous nature and Prokolkin and Giglio concerned strict product liability. That distinction is one with little difference. In any event the plaintiff has not provided the court with any Connecticut authority which would support her argument that the court should compute the running of the statute in both instances from the date of injury rather than from the date of occurrence. The court, therefore, will grant the defendant Lemieux's Motion for Summary Judgment.
PELLEGRINO, J.