**Marie CHAIRALUCE and George Chairaluce, Plaintiffs,**

v.

**The STANLEY WARNER MANAGEMENT CORP., the Wise Shoe Company, Inc., and Spiegel, Inc., Defendants.**

**Civ. A. No. 10079.**

United States District Court
D. Connecticut.

Dec. 18, 1964.

Richard J. Parrett, Buckley & Parrett, New Haven, Conn., for plaintiffs.

Francis J. Moran, New Haven, Conn., for defendant, The Stanley Warner Management Corp.

David M. Reilly, Jr., Reilly & Peck, New Haven, Conn., for defendants, The Wise Shoe Company, Inc., and Spiegel, Inc.

ZAMPANO, District Judge.

The defendant, The Wise Shoe Company, Inc., hereinafter designated as "Wise", has moved pursuant to Rule 12 (b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., for an order dismissing the second count of plaintiffs' amended complaint for failure to state a claim upon which relief can be granted. Specifically, the question presented is whether this cause of action against Wise, which is predicated upon breach of express and implied warranties, must be dismissed because plaintiffs have failed to allege privity of contract or reliance on defendant's representations or advertising.

This action was brought to recover damages for injuries sustained by the wife-plaintiff when she fell on a stairway in a theater owned by the defendant, The Stanley Warner Management Corp. At the time of the accident she was wearing for the first time a pair of new shoes which were manufactured by Wise and

purchased by the plaintiff from the mail-order retail store of the defendant, Spiegel, Inc. She alleges her fall was caused by the breaking of a defective heel on one of these shoes.

The first cause of action is based upon negligence against all three defendants and is not involved in this motion. The second count concerns Wise and Spiegel and is founded upon the breach of express and implied warranties in the manufacture and sale of the defective shoe. As against Spiegel, the plaintiffs allege a purchase in reliance on misleading advertising contained in its mail-order catalogue. The cause of action against Spiegel is not challenged here. But, with respect to Wise, the plaintiffs merely contend there was a breach of "the warranties and duties which were owed to the plaintiff under the laws of the State of Connecticut".

■ Wise claims that absent allegations of representations through advertising by which the plaintiffs were misled, lack of privity between manufacturer and ultimate consumer bars recovery based upon breach of implied warranty. The Connecticut state courts have not yet ruled directly on this issue and, therefore, this Court must examine the effect of the recent far-reaching change in the Connecticut law of warranties. Arfons v. E. I. Du Pont De Nemours & Company, 261 F.2d 434, 436 (2 Cir. 1958). Deveny v. Rheem Manufacturing Company, 319 F.2d 124 (2 Cir. 1963).

The Supreme Court of Errors of Connecticut in Hamon v. Digliani, 148 Conn. 710, 174 A.2d 294 (1961), stressing consumer reliance on a manufacturer's misleading advertising, ruled for the first time that privity of contract was not prerequisite to liability for breach of express warranty. In a searching inquiry into the relevant policy considerations, the Court commented: "The maxim 'caveat emptor' has become a millstone around the necks of dealer and customer. While the customer may maintain an action under the Sales Act against the retailer for breach of implied warranty, the dealer in turn must sue his supplier to recoup his damages and costs where the customer prevails. Eventually, after several separate and distinct pieces of costly litigation by those in the chain of title, the manufacturer is finally obliged to shoulder the responsibility which should have been his in the first instance." 148 Conn. at 717, 174 A.2d at 297. Continuing at page 718, 174 A.2d at page 297, the Court established the following rules:

"The manufacturer or producer who puts a commodity for personal use or consumption on the market in a sealed package or other closed container should be held to have impliedly warranted to the ultimate consumer that the product is reasonably fit for the purpose intended and that it does not contain any harmful and deleterious ingredient of which due and ample warning has not been given. * * * Where the manufacturer or producer makes representations in his advertisements or by the labels on his products as an inducement to the ultimate purchaser, the manufacturer or producer should be held to strict accountability to any person who buys the product in reliance on the representations and later suffers injury because the product fails to conform to them."

Wise contends the Hamon case merely carved out an exception to the long-standing rule of privity in circumstances where a sealed package is involved or where the manufacturer's express representations are relied upon by the consumer. Wise urges, in effect, that the Hamon holding not be extended beyond the narrow factual circumstances there presented.

The obvious trend of the Connecticut law on the subject militates against defendant's position. Under the old Sales Act, § 42–16 of the Connecticut General Statutes, the protection of implied warranty of fitness of food and drink was extended to all persons for whom the purchase was intended. In 1961, the legislature enacted the Uniform Commercial Code which, by its § 42a–2–314, § 42a–2–

315 and § 42a–2–318, further expands an implied warrant of merchantability and fitness for a particular purpose to any person in the family or household of the buyer, or who is a guest in his home. Recent amendments to the statutes now allow an action for wrongful death based on breach of warranty. Conn.Gen.Stat. § 52–555 (Rev. 1958). In Simpson v. Powered Products of Michigan, Inc., 24 Conn.Sup. 409 (1963), the plaintiff was not the buyer but his lessee, and the Court permitted the cause of action in warranty to stand against the seller of a defective golf cart which allegedly caused plaintiff's injuries.

These recent statutory changes and cases, coupled with the broad language and a review of the citations of authorities in Hamon, indicate to this Court that giant steps toward the inevitable demise of the privity requirement have been taken in Connecticut. The heights attained in this field by the legislature and judiciary in Connecticut should not now serve as pinnacles from which this Court backslides toward resuscitation of the privity doctrine. Sound public policy requires that a manufacturer be held strictly accountable to a plaintiff who, using his product in a way it was intended, is injured as a result of a defect in manufacture of which plaintiff was not aware.

Moreover, discarding the privity bugaboo in such cases harmonizes with the modern trend in other states and with the views of learned scholars in the field. The Court of Appeals for this Circuit, in two recent cases, supported the principle of strict liability against manufacturers who placed defective articles in the stream of commerce. Deveny v. Rheem Manufacturing Company, supra; Delaney v. Towmotor Corporation, 339 F.2d 4 (2 Cir. 1964). See, also, Conlon v. Republic Aviation Corporation, 204 F. Supp. 865 (D.C.S.D.N.Y.1960). In Henningsen v. Bloomfield Motors, Inc., 32 N.J. 358, 161 A.2d 69, 75 A.L.R.2d 1, (1960), and in Rogers v. Toni Home Permanent Co., 167 Ohio St. 244, 147 N. E.2d 612, 75 A.L.R.2d 103 (1958), both of which received approving citation in the Hamon case, supra, the Courts stressed the role of public policy in protecting innocent buyers from the harm of manufacturers' defective articles. The Third Circuit's approach to the issue is expressed in Mannsz v. Macwhyte Co., 155 F.2d 445 (3 Cir. 1946), wherein the Court, at page 450, noted: "The abolition of the doctrine (privity) occurred first in the food cases, next in the beverages decisions and now it has been extended to those cases in which the article manufactured, not dangerous or even beneficial if properly made, injured a person because it was manufactured improperly."

Under the facts in the instant case, the reasoning of the Court in Greenman v. Yuba Power Products, Inc., 59 Cal.2d 57, 27 Cal.Rptr. 697, 377 P.2d 897 (1963) is directly in point. There the Court recognized a plaintiff's right of action based on express warranty and went on to hold that " * * * it should not be controlling whether plaintiff selected the machine because of the statements in the brochure, or because of the machine's own appearance of excellence that belied the defect lurking beneath the surface, or because he merely assumed that it would safely do the jobs it was built to do. * * * To establish the manufacturer's liability it was sufficient that plaintiff proved that he was injured while using the Shopsmith in a way it was intended to be used as a result of a defect in design and manufacture of which plaintiff was not aware that made the Shopsmith unsafe for its intended use." 59 Cal.2d at 64, 27 Cal.Rptr. at 701, 377 P.2d at 901.

Professor Fleming James, Jr., noting that several cases "have stressed the extensive advertising" in holding a manufacturer liable, comments: "It would be a pity if they should emerge as requirements or limitations on liability under implied warranty. If injury from defective products is properly a risk of the producer's enterprise, it would be so whether he advertised or not and whether or not there was a conscious need to rely on his skill." James, Products Lia-

bility, 34 Texas L.R. 192 (1955). See also, Harper and James, The Law of Torts, Vol. 2, pp. 1570–73.

These views are shared by Dean Prosser who deplores the "expensive, time-consuming, and wasteful process" of the privity requirement and advocates a "blanket rule which makes any supplier in the chain liable directly to the ultimate user, and so short-circuits the whole unwieldy process". Prosser, The Assault Upon the Citadel (Strict Liability to the Consumer), 69 Yale L.J. 1099, 1124 (1960). See also, Prosser on Torts, 2nd Ed., pp. 507–509; Restatement (Second), Torts, § 402A, Tent. Draft No. 10 (1964).

In light of the evident trend of the law in Connecticut and elsewhere, this Court concludes that the plaintiffs have alleged facts sufficient to state a claim upon which relief may be granted.

Accordingly, defendant's motion to dismiss is denied.