ANN L. GARTHWAIT *v.* CAROLE BURGIO ET AL.

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued November 3—decided December 30, 1965

*Norman S. Drubner,* for the appellant (plaintiff).

*Arnold J. Bai,* with whom was *Charles M. Needle,* for the appellee (defendant Clairol, Inc.).

HOUSE, J.  This suit arose because of a hair tinting treatment the plaintiff received at a beauty parlor operated by the named defendant.  The third count of the complaint alleges that the defendant Clairol, Inc., hereinafter referred to as Clairol, manufactures a hair dye known as "Miss Clairol Hair Color Bath."  By means of extensive advertisements through the medium of radio, television, newspapers and magazines, Clairol implied "and/or" expressly warranted to the plaintiff as a user of the product that the product was safe and fit for its intended use.  It is further alleged that in reliance upon these

representations the beauty parlor purchased the product from Clairol and the plaintiff accepted the beauty parlor's use of the product on her hair, as a result of which she sustained injuries. It is expressly alleged that Clairol failed to fulfil its express warranties and its implied warranties of merchantability and fitness for the purpose for which the product was intended and that the breach of these warranties by Clairol in regard to the plaintiff as a user of the product was a proximate cause of the injuries sustained by the plaintiff.

Clairol demurred to this count on the ground that it did not state a cause of action in breach of warranty since it failed to allege facts constituting a sale of goods to the plaintiff. The trial court sustained the demurrer, and, when the plaintiff failed to amend her complaint as permitted by § 131 of the Practice Book, it rendered judgment for Clairol on the third count. This appeal is from that judgment, and the single assignment of error is the ruling of the court in sustaining the demurrer.

The sole issue on the appeal, therefore, is whether privity of contract is an essential allegation in an action by a consumer or user against a manufacturer for alleged breach of the warranties of the fitness and safety of its product. Here there was no sale of the product to the plaintiff and hence no privity of contract between the plaintiff and Clairol. On the facts admitted by the demurrer, the plaintiff was in the category of a user rather than a purchaser, and on this appeal we must assume that she accepted the use of Clairol's product in reliance upon representations and warranties of safety and fitness made to her by Clairol's advertisements, which warranties Clairol failed to fulfil, thereby proximately causing her injuries.

Products liability is a rapidly developing field of law, particularly in the area of manufacturers' liability. The legal literature on the topic since Dean William L. Prosser's 1960 influential article, "The Assault upon the Citadel (Strict Liability to the Consumer)" in 69 Yale Law Journal, page 1099, is voluminous. In addition to innumerable law review articles, two treatises are now devoted to the topic: Frumer & Friedman, Products Liability, and Hursh, American Law of Products Liability. The developing case law is reported extensively in the annotations in 74 A.L.R.2d 1111, "Privity of contract as essential to recovery in negligence action against manufacturer or seller of product alleged to have caused injury," and in 75 A.L.R.2d 39, "Privity of contract as essential to recovery in action based on theory other than negligence, against manufacturer or seller of product alleged to have caused injury." The latter annotation follows a report of the 1960 landmark case of *Henningsen* v. *Bloomfield Motors, Inc.*, 32 N.J. 358, 161 A.2d 69. In this case the New Jersey Supreme Court held that under modern conditions the old concept of privity of contract is inapplicable to the obligation of a manufacturer to the ultimate consumer, and a warranty exists in the ultimate consumer's favor on which, regardless of privity, the consumer may recover for injury due to defects in manufacture. The reasoning of this decision has been followed by a majority of the courts which have since ruled on the question. Many of these cases are collected in 1 Frumer & Friedman, Products Liability § 16A. Notable are the decisions of the California Supreme Court in *Greenman* v. *Yuba Power Products, Inc.*, 59 Cal. 2d 57, 377 P.2d 897, and the New York Court of Appeals in *Goldberg*

v. *Kollsman Instrument Corporation,* 12 N.Y.2d 432, 191 N.E.2d 81. Most recently, in the case of *Suvada* v. *White Motor Co.,* 32 Ill. 2d 612, 210 N.E.2d 182, the Illinois Supreme Court held that privity is not essential in an action for breach of implied warranty and that the manufacturer of a defective component part of a product may be held liable in tort for breach of implied warranty notwithstanding the absence of privity with the subpurchaser.

In *Hamon* v. *Digliani,* 148 Conn. 710, 174 A.2d 294, we considered one aspect of the problem. We there held that the absence of privity of contract between a consumer purchaser and the defendant manufacturer was not fatal to the plaintiff's cause of action for breach of warranty of fitness of the product where the plaintiff alleged that she purchased the product in reliance on the claims made in the defendant's advertisements. We noted the increasing tendency of courts to "rely on the original concept of an action for breach of warranty, that is, that it sounds in tort and is based on the plaintiff's reliance on deceitful appearances or representations rather than on a promise." Id., 716. We stated (p. 718): "There appears to be no sound reason for depriving a plaintiff of the right to maintain an action against the manufacturer where the plaintiff alleges that he was induced to purchase the product by the representations in the manufacturer's advertising and that he sustained harm when the product failed to measure up to the express or implied representations." Referring to *Crotty* v. *Shartenberg's-New Haven, Inc.,* 147 Conn. 460, 467, 162 A.2d 513 (subsequently discussed in *Corneliuson* v. *Arthur Drug Stores, Inc.,* 153 Conn. 134, 136, 214 A.2d 676), we further concluded (p. 718): "Where the manufacturer or producer makes repre-

sentations in his advertisements or by the labels on his products as an inducement to the ultimate purchaser, the manufacturer or producer should be held to strict accountability to any person who buys the product in reliance on the representations and later suffers injury because the product fails to conform to them. *Rogers* v. *Toni Home Permanent Co.*, 167 Ohio St. 244, 249, 147 N.E.2d 612; see Prosser, Torts (2d Ed.) p. 506; Williston, Sales (Rev. Ed.) § 244 & Cum. Sup. § 244d. Lack of privity is not a bar to suit under these circumstances."

In the *Hamon* case the plaintiff was a purchaser as well as a user of the product. Where the liability is fundamentally founded on tort rather than contract there appears no sound reason why the manufacturer should escape liability simply because the injured user, a party in the normal chain of distribution, was not in contractual privity with it by purchase and sale.

We find ourselves in accord with the rule recently adopted in § 402 A of volume 2 of the Restatement (Second) of Torts: "Special Liability of Seller of Product for Physical Harm to User or Consumer (1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if (a) the seller is engaged in the business of selling such a product, and (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold. (2) The rule stated in Subsection (1) applies although (a) the seller has exercised all possible care in the preparation and sale of his product, and (b) the user or consumer has not bought the product from or entered into any contractual rela-

tion with the seller." Comment 1 to this section of the Restatement points out that "[t]he liability stated is one in tort, and does not require any contractual relation, or privity of contract, between the plaintiff and the defendant" and further observes that "[c]onsumption includes all ultimate uses for which the product is intended, and the customer in a beauty shop to whose hair a permanent wave solution is applied by the shop is a consumer."

We conclude, therefore, that the third count of the present complaint does not fail to state a cause of action in breach of warranty because it fails to allege facts constituting a sale of goods to the plaintiff. Since that is the only question before us on this appeal we go no further. We are not here concerned with the problems of proof which may arise on the trial or with questions of possible extensions of the rule stated in § 402 A of volume 2 of the Restatement (Second) of Torts.

There is error, the judgment is set aside and the case is remanded with direction to overrule the demurrer.

In this opinion the other judges concurred.