## MARGARET J. REMPE v. THE GENERAL ELECTRIC COMPANY ET AL.

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 158207

Memorandum filed January 17, 1969

*Kuehn, Fanning & Orr,* of West Hartford, for the plaintiff.

*Gordon, Muir & Fitzgerald,* of Hartford, for the named defendant.

*Shulansky, Cohn & Williams,* of Hartford, for the defendant The Economy Oil Heating Company.

*Frank E. Dully,* of Hartford, for the defendant The Hobart Manufacturing Company.

RUBINOW, J.  According to the sheriff's return, this action was commenced on November 13, 1968. The amended complaint alleges, in the first count, that, on November 1, 1956, the defendant The Economy Oil Heating Company installed a disposal unit for the plaintiff and warranted "that the unit . . . would work properly during its life-time . . . and . . . that the unit would not start as long as there was no water going into the unit and the cap was removed"; that, on November 17, 1967, when the cap on the disposal was removed and there was no water going into the unit, while the plaintiff was cleaning the unit, it started without notice or warning, injuring her hand.  In the second count, she alleges that the defendant The General Electric Company, which made the "waterlock system" in the disposal, and the defendant The Hobart Manufacturing Company, which was a successor to the company that manufactured the disposal unit, warranted that the unit "could be used for a lifetime without being in any way harmful or dangerous so long as said cap was

removed from the unit and no water was pouring through the unit."

All of the defendants have demurred to the complaint on the ground that the allegations affirmatively disclose that the plaintiff's cause of action is barred by the Statute of Limitations, whether the applicable statute be General Statutes § 52-576, or § 52-577, or § 52-584. These demurrers raise two substantive questions: First, where a personal injury action is based on a breach of warranty, is the applicable Statute of Limitations that governing tort actions or that governing contract actions? Second, under the allegations of the complaint, when did the cause of action accrue?

With respect to the first question, an examination of the authorities discloses a plethora of cases on the subject. An exhaustive compilation of them appears in 4 A.L.R.3d 821; see also 37 A.L.R.2d 698. As is to be expected from an abundance of cases, it is difficult or, perhaps, impossible to harmonize their holdings. In jurisdictions, such as ours, where there is no Supreme Court decision on the subject, there is, usually, uncertainty among members of the bar. See Cunningham, "Statutes of Limitation in Confusion," 46 Mass. L.Q. 13. In this state, however, it has been held in *Abate* v. *Barkers of Wallingford, Inc.,* 27 Conn. Sup. 46 (Court of Common Pleas [*Mignone, J.*]), that General Statutes § 52-577 is the applicable statute.

This statute establishes a limitation period for actions "founded upon a tort" of three years "from the date of the act or omission complained of." If we assume that this statute applies in the instant case, the second substantive question arises: When did the cause of action accrue, or, in terms of the statute, what is the date of the act or omission complained of? The defendants assert that, this being

an action founded on a breach of warranty, that date is the date of the delivery of the chattel, and that is the general rule, both at common law and under the Uniform Commercial Code. General Statutes § 42a-2-725 (2); *W. S. Rockwell Co.* v. *Lindquist Hardware Co.,* 143 Conn. 684, 687. There is, however, a type of warranty to which this general rule does not apply. That type is one that, by its terms, purports to make a warranty with respect to the future condition of the chattel, or, as it is described in the Uniform Commercial Code, "explicitly extends to future performance of the goods." § 42a-2-725 (2). A commonly encountered example of such a warranty is the two-year (or five-year) warranty on new automobiles. For this type of warranty, the cause of action for breach accrues, both under the Uniform Commercial Code and at common law, when "the breach is or should have been discovered." § 42a-2-725 (2); *Heath* v. *Moncrief Furnace Co.,* 200 N.C. 377; 75 A.L.R. 1082; see 46 Am. Jur., Sales, § 728.

In the instant case, the plaintiff does not claim a two-year or a five-year warranty; she claims a "lifetime" warranty. What, if her claim is found proven, "lifetime" means concretely, in terms of years or some other unit of time, will have to await a future determination. On the allegations of the complaint, admitted for the purpose of the demurrer, the "lifetime" allegation makes the case one where the breach of warranty occurred, and the cause of action accrued, not at the time of delivery of the disposal but sometime during its "lifetime" when the breach was, or should have been, discovered. Precisely when that event took place is a matter to be established by evidence.

Since, on the basis of the court's ruling on the substantive issues, the demurrers must be overruled,

it is unnecessary to consider the procedural question raised by the demurrers: Procedurally, does a demurrer based on the Statute of Limitations lie in this case? The plaintiff in her brief has, however, stressed this issue, and the court will comment briefly on it. In that brief, the plaintiff claims that all of the relevant facts are not contained in the complaint, for she states that she does not "agree that no circumstances obviating the Statute of Limitations, if applicable, existed." In the absence of an agreement by the plaintiff that the complaint contains all the relevant facts, the issue of the Statute of Limitations should be raised by a special defense, not a demurrer. Practice Book § 120; *Hofmiller* v. *Joseph,* 18 Conn. Sup. 143, 144; see Stephenson, Conn. Civ. Proc. § 95c & Sup. 1966 § 95c. The demurrers must be overruled on procedural grounds also.

Each of the demurrers is overruled.