**JOSEPH MULLER CORPORATION ZURICH, Plaintiff,**

v.

**GAZOCEAN INTERNATIONAL, S.A., et al., Defendants.**

**No. 75 Civ. 174.**

United States District Court,
S. D. New York.

May 19, 1975.

---

Burns, Van Kirk, Greene & Kafer, New York City, for plaintiff; Joseph W. Burns, Martin J. Neville, New York City, of counsel.

Fried, Frank, Harris, Shriver & Jacobson, New York City, for defendants Gazocean International, S.A., Gazocean Armement, Technigaz France, and Rene Boudet; Victor S. Friedman, Peter B. Sobol, Leslie A. Blau, New York City, of counsel.

Donovan, Leisure, Newton & Irvine, New York City, for defendant Mundo Gas, S.A.; Sanford M. Litvack, Doris K. Shaw, New York City, of counsel.

Sullivan & Cromwell, New York City, for defendant Petromar Societe Anonyme; Richard E. Carlton, Michael Winger, New York City, of counsel.

## MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

Defendants Gazocean International, S. A.; Gazocean France; Gazocean Armement; Technigaz France; Mundo Gas, S.A.; Petromar Societe Anonyme; and Rene Boudet move to dismiss this action as barred by both the doctrine of res judicata and by the applicable statute of limitations. For the reasons stated herein, the motion to dismiss will be granted in part and denied in part.

### I. *Facts*

The complaint under attack (the Second Complaint) was filed by the plaintiff just two weeks after the Court of Appeals had affirmed this court's order dismissing a prior complaint (the First Complaint) with respect to four of the present moving defendants—Gazocean International, S.A., Gazocean France, Mundo Gas, S.A., and Petromar Societe Anonyme. See, Joseph Muller Corp. Zurich v. Societe Anonyme de Gerance et d'Armement (Muller v. SAGA) (2d Cir. 1974) 508 F.2d 814.

The first complaint was dismissed for lack of prosecution pursuant to Rule 41 (b) of the Federal Rules of Civil Pro-

cedure. In that action, which was filed in September, 1969, plaintiff had instructed the Marshal to serve only two of six named defendants. Four years later, plaintiff caused service to be made upon the remaining defendants, who thereupon moved to dismiss under Rule 41(b). That motion was granted by this court, and final judgment was entered on June 24, 1974. The Court of Appeals affirmed that decision on December 31, 1974. Rule 41(b) specifically establishes that the dismissal of the first complaint operated "as an adjudication upon the merits."

The plaintiff is a Swiss business enterprise which trades in chemicals and other raw materials. The subject matter of both complaints is a claim that all the defendants conspired to monopolize the transportation of liquefied gases from the United States to Europe, particularly a gas known as vinyl chloride monomer (V.C.M.), a petroleum by-product. In brief, plaintiff alleges in both complaints that with respect to V.C.M. transport, the defendants monopolized and engaged in a conspiracy to monopolize, to charge parallel prices, to refuse to deal with plaintiff, and to engage in certain unfair competitive practices, all in violation of the antitrust laws of the United States.

## II. *Res Judicata*

■ All seven of the moving defendants seek dismissal of the second complaint on the ground of res judicata. Under this well-established doctrine, a judgment "on the merits" in a prior suit involving the same parties or their privies bars a second suit based on the same cause of action.[1] Lawlor v. National Screen Service (1955) 349 U.S. 322, 75 S.Ct. 865, 99 L.Ed. 1122. The prior judgment is conclusive, not only as to matters which were decided, but also as to all matters which might have

been decided between the parties. Engelhardt v. Bell & Howell Co. (8th Cir. 1964) 327 F.2d 30.

After a careful scrutiny of the two complaints, it seems clear that for the most part the cause of action involved in the second is the same as the one asserted in the first. In both, the same basic antitrust conspiracy is alleged, as well as many of the same acts claimed to be in furtherance of that conspiracy. Almost all the allegations in both complaints deal with events which occurred in 1968 and 1969. Although certain new facts are mentioned in the second complaint—some of which occurred in 1970 after the filing of the first—the presence of such new facts in the second in no way renders the doctrine of res judicata inapplicable. See, Moore's Federal Practice, Vol. 1B, § 0.410[1] at 1154–1155. The crucial issue is whether the causes of action are identical.

The only substantive way in which the first and second complaints differ with respect to causes of action is that in the latter pleading, the plaintiff has alleged that the conspiracy is one that has continued from 1971 until 1975. The Supreme Court in Lawlor v. National Screen Service, *supra,* 349 U.S. 322, 75 S.Ct. 865, 99 L.Ed. 1122, has held that in antitrust actions, a suit, based upon a course of wrongful conduct occurring *subsequent* to a judgment in a prior suit between the same parties, states a different cause of action than that of the first suit and is not barred by the principles of res judicata, even if both suits involved basically the same course of wrongful conduct. See also United States v. General Electric Company (S. D.N.Y.1973) 358 F.Supp. 731, 739–740 and cases there cited.

Thus, while the doctrine of res judicata would bar the second complaint for acts occurring prior to June 24, 1974, the date of the judgment dismissing the

---

1. The three moving defendants who were not parties in the first action—Gazocean Armement, Technigaz France, and Rene Boudet—claim the protection of res judicata on the theory that they are in privity with either Gazocean International, S.A., or Gazocean France.

first complaint, the doctrine would be inapplicable to wrongful conduct alleged to have occurred subsequent to that date. In the second complaint itself, except for the general statement charging a continuing conspiracy, there is not not specific act or alleged course of conduct that is claimed to have occurred after the critical date.

Based on the foregoing, it thus seems appropriate to dismiss the second complaint in its entirety with respect to the four defendants who were parties to the first action—Gazocean International, S.A.; Gazocean France; Mundo Gas, S.A.; and Petromar Societe Anonyme, without prejudice however to plaintiff's right to file a new complaint which would allege facts suggesting the existence of a conspiracy subsequent to June 24, 1974.

As to the other three moving defendants, the motion to dismiss on the ground of res judicata must be denied. These defendants were not parties to the first action, and can claim the protection of the doctrine of res judicata only by contending that they are privies to either Gazocean International, S.A., or Gazocean France. On the record now before the court, a determination of privity cannot be made. The motion is therefore denied as to those defendants, without prejudice to renewal upon a factual showing that they are indeed privies to parties bound by the prior judgment.

### III. *Statute of Limitations*

█ The defendants not named in the first complaint seek to have the second complaint dismissed on the further ground that it is barred by the applicable statute of limitations. We find this ground to be untenable.

Section 4B of the Clayton Act, 15 U.S.C. § 15b, provides in pertinent part that:

"Any action to enforce any cause of action under sections 15 or 15a of this title shall be forever barred unless

commenced within four years after the cause of action accrued."

The operation of this statute in the context of a continuing antitrust conspiracy has been recently set forth by the Supreme Court in Zenith Radio Corp. v. Hazeltine Research, Inc. (1971) 401 U. S. 321, 338–339, 91 S.Ct. 795, 806, 28 L.Ed.2d 77:

"Generally, a cause of action accrues and the statute begins to run when a defendant commits an act that injures a plaintiff's business. . . . In the context of a continuing conspiracy to violate the antitrust laws, such as the conspiracy in the instant case, this has usually been understood to mean that each time a plaintiff is injured by an act of the defendants a cause of action accrues to him to recover the damages caused by that act and that, as to those damages, the statute of limitations runs from the commission of the act. . . . However each separate cause of action that so accrues entitles a plaintiff to recover not only those damages which he has suffered at the date of accrual, but also those which he will suffer in the future from the particular invasion, including what he has suffered during and will predictably suffer after trial. . . . Thus, if a plaintiff feels the adverse impact of an antitrust conspiracy on a particular date, a cause of action immediately accrues to him to recover all damages incurred by that date and all provable damages that will flow in the future from the acts of the conspirators on that date. To recover those damages, he must sue within the requisite number of years from the accrual of the action."

It is thus apparent that plaintiff can only recover damages in this action for acts which occurred within four years of the filing of the second complaint. The defendants argue that since plaintiff has not alleged one *specific* overt act during this critical period, the complaint must be dismissed.

We are constrained to disagree. It is now beyond cavil that the liberal rules of notice pleading under Rule 8 of the Federal Rules of Civil Procedure are as applicable to complicated antitrust suits as they are to simple claims of negligence. See, Moore's Federal Practice, Vol. 2A, § 8.17[3], pp. 1743 et seq. Plaintiff has alleged in the Second Complaint that the claimed antitrust conspiracy extended into 1971 and beyond. Although no specific overt acts were alleged for this period, plaintiff has indeed set forth many overt acts occurring in 1968, 1969 and 1970, from which a continuing conspiracy as well as the continuing performance of overt acts can certainly be inferred, particularly as to those defendants who do not have the benefit of an adjudication that no conspiracy existed prior to June 24, 1974. See, e. g., Brett v. First Federal Savings & Loan Association (5th Cir. 1972), 461 F.2d 1155.

In interpreting plaintiff's complaint liberally, the court is guided by the general principles that on a motion to dismiss the allegations of the complaint must be considered true for the purposes of the motion, California Transport v. Trucking Unlimited (1972) 404 U.S. 508, 515, 92 S.Ct. 609, 30 L.Ed.2d 642, and that a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson (1957) 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80.

If, after the discovery phase of the litigation progresses, the plaintiff is still unable to show any acts occurring after 1970, then the defendants can, of course, move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## CONCLUSION

In summary, the motion by defendants Gazocean International, S.A.; Gazocean France; Mundo Gas, S.A.; and Petromar Societe Anonyme to dismiss on grounds of res judicata is granted with leave to replead. In all other respects, the defendants' motions to dismiss are denied.

So ordered.