**Edward C. FERGUSON, Plaintiff,**

v.

**STURM, RUGER & COMPANY, INC., Defendant.**

**Civ. A. No. B–75–4.**

United States District Court, D. Connecticut.

Oct. 9, 1981.

Hugh W. Stone, Woodside & Stone, Blairsville, Ga., L. Douglas Shrader, Zeldes, Needle & Cooper, Bridgeport, Conn., H. Bixler Whiting, Whiting & Rosie, Fairbanks, Alaska, for plaintiff.

James E. Coyne, Keith D. Dunnigan, Arnold J. Bai, Bai, Pollock & Dunnigan, David S. Maclay, Timothy G. Atwood, Marsh, Day & Calhoun, Bridgeport, Conn., for defendant.

## RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

ZAMPANO, District Judge.

In this products liability diversity action arising from injuries sustained when a re-

volver manufactured by defendant fell to the floor and discharged, plaintiff has asserted three causes of action: (1) negligence, (2) breach of warranty, and (3) strict liability. Defendant pleads as a special defense that the action is time-barred, and moves for summary judgment.

The relevant dates for the purposes of this motion are as follows:

February 4, 1965—production of the subject revolver was completed.

February 9, 1965—the gun was shipped from defendant's manufacturing facility to Adolph Blaich Company.

1968—the revolver was purchased by plaintiff from a Mr. Jack Steward.

January 10, 1973—the alleged accidental discharge occurred.

January 7, 1975—this action was commenced.

Plaintiff and defendant agree that the Court should apply Connecticut statutes of limitations. See, e. g., *Drakatos v. R. B. Denison, Inc.*, 493 F.Supp. 942, 944 n.1 (D.Conn.1980); *Quadrini v. Sikorsky Aircraft Division, United Aircraft Corp.*, 425 F.Supp. 81, 90–91 (D.Conn.1977); *Brown v. Merrow Machine Co.*, 411 F.Supp. 1162, 1163–64 (D.Conn.1976); *Mizell v. Welch*, 245 F.Supp. 143, 144 (D.Conn.1965); Conn.Gen. Stat. § 42a–1–105(1) (1975).

## I. The Negligence Cause of Action

At the conclusion of oral argument on the motion for summary judgment, the Court rejected the challenge to the negligence count. The rationale for the Court's ruling may be briefly restated. The parties concede that the statute of limitations applicable to the negligence count is Conn.Gen. Stat. § 52–584, which provides, in pertinent part, that:

No action to recover damages for injury to the person ... caused by negligence, or by reckless or wanton misconduct ... shall be brought but within two years from the date when the injury is first sustained ... except that no such action may be brought more than three years from the date of the act or omission complained of.

■ The operative language for purposes of the present motion is "the act or omission complained of." One of the specifications of negligence alleged by the plaintiff is defendant's failure "to warn the Plaintiff and the public of the dangerous and hazardous propensity of said weapon to discharge when on the safety hammer position." Complaint, Count One, ¶ 13(b). Construing the pleadings generously "to do substantial justice," Fed.R.Civ.P. 8(a), and "facilitate a proper decision on the merits," *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957), this specification constitutes an allegation of a continuing course of conduct. See *Brown v. Merrow Machine Co.*, supra, 411 F.Supp. at 1166. Connecticut courts have determined that "[w]hen the wrong sued upon consists of a continuing course of conduct, the statute does not begin to run until that course of conduct is completed." *Handler v. Remington Arms Co.*, 144 Conn. 316, 321, 130 A.2d 793, 795 (1957). Accord, *Cross v. Huttenlocher*, 43 Conn.L.J. No. 7, at 16 (Super.Ct., Aug. 18, 1981). Thus, in the present case the statute of limitations did not begin to run on plaintiff's negligent failure-to-warn cause of action until January 10, 1973, the date plaintiff sustained his injury. *Drakatos v. R. B. Denison, Inc.*, supra, 493 F.Supp. at 945 n. 3; *Costa v. General Electric Co.*, No. N–76–22, 5 Conn.L. Tribune No. 48, Nov. 26, 1979, p. 9 at p. 10 (D.Conn. Nov. 7, 1979); *Brown v. Merrow Machine Co.*, supra, 411 F.Supp. at 1166; *Boains v. Lasar Manufacturing Co.*, 330 F.Supp. 1134, 1136 (D.Conn.1971); *Koslowski v. O. B. Maxwell Co.*, No. 18695, 5 Conn.L. Tribune No. 22, May 28, 1979, p. 12 at p. 13, (Super.Ct., Dec. 15, 1978).

■ Plaintiff's complaint also contains specifications of negligent design, manufacture, sale, and failure to test prior to sale. Although proof of the failure-to-warn claim might entail proof of these specifications, the relevant "acts or omissions complained of" occurred prior to January 7, 1972 (three years before this action was brought) and are not of a continuing nature. Therefore, these particular claims are time-barred and

may not serve as the basis for any recovery by plaintiff. *Drakatos v. R. B. Denison, Inc.*, supra, 493 F.Supp. at 944 n.2 (*dictum*); *Costa v. General Electric Co.*, supra, 5 Conn.L. Tribune No. 48, at p. 10; *Boains v. Lasar Manufacturing Co.*, supra, 330 F.Supp. at 1136, 1137 n.2.

## II. *The Strict Liability Cause of Action*

Determination of whether plaintiff's strict liability cause of action is time-barred requires a brief review of the recent history of Connecticut statutes of limitations applicable to such causes of action. It is agreed that at the time this action was brought, strict liability actions were governed by Conn.Gen.Stat. § 52–577 (1975), which stated that:

No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of.

In 1976, the Connecticut legislature enacted Public Act 76–293, later codified as Conn.Gen.Stat. § 52–577a (1977). Section 52–577a, which provided a liberalized statute of limitations for strict products liability actions, purported to be applicable to all pending actions. The statute provided, in pertinent part, that:

No action to recover damages for injury to the person or to real or personal property caused by any product in a defective condition shall be brought against one who manufactures, sells, leases or bails any such product but within three years from the date when the injury is first sustained ... except that no such action may be brought later than eight years from the date of sale, lease or bailment of such product.

Conn.Gen.Stat. § 52–577a was repealed in 1979 and replaced with an even more liberal products liability statute of limitations. That section, however, was to apply only prospectively, and is not applicable to the instant case. See Conn.Gen.Stat. § 52–577a(e) (1979).

At issue here is whether Conn.Gen.Stat. § 52–577 or Public Act 76–293 ("the old § 52–577a") governs this action.

In the Court's opinion, it would be inappropriate for two reasons to apply the old § 52–577a to the facts of this case. First, that statute did not contain the phrase "act or omission complained of," and, therefore, plaintiff's products liability claim would be barred under the statute because more than eight years passed between the date of sale of the gun and the institution of this action. Thus, although it was clearly the intent of the legislature in enacting the old § 52–577a to liberalize the limitations period for strict liability actions, as applied here that section would be more restrictive than its predecessor, § 52–577, and frustrate the legislature's intent.

A second and even more persuasive reason requires that the Court apply § 52–577. The old § 52–577a purported to apply to all strict liability actions pending on its effective date, regardless of the date of the act or omission which gave rise to the complaint. Conn.Gen.Stat. § 52–577a(c). Accordingly, by its very language that section would seem to apply to this action. Such an interpretation encounters considerable constitutional difficulty as applied to the facts of this case, i. e., a claim pending on June 4, 1976 would not be barred by § 52–577, but *would be barred by the old § 52–577a*. To the extent an act amends a statute of limitations so as to bar accrued causes of action which were not barred by the previous statute, it is unconstitutional. *Sohn v. Waterson*, 84 U.S. (17 Wall.) 596, 599, 21 L.Ed. 737 (1873); See *Chapman v. Douglas County Board of Commissioners*, 107 U.S. 348, 358, 2 S.Ct. 62, 70, 27 L.Ed. 378 (1883). The provision here in question did not allow for any "grace period" which could save it from the proscription of this doctrine. See, e. g., *Atchafalaya Land Co. v. F. B. Williams Cypress Co.*, 258 U.S. 190, 196–97, 42 S.Ct. 284, 285–86, 66 L.Ed. 559 (1922); *United States v. Morena*, 245 U.S. 392, 397, 38 S.Ct. 151, 152, 62 L.Ed. 359 (1918); *Ochoa v. Hernandez y Morales*, 230 U.S. 139, 161–62, 33 S.Ct. 1033, 1041–42, 57 L.Ed. 1427 (1913); *Kentucky Union Co. v. Kentucky*, 219 U.S. 140, 156–57, 31 S.Ct. 171, 178–79, 55 L.Ed. 137 (1911); *United States Fidelity & Guaranty Co. v. United*

States ex rel. Struthers Wells Co., 209 U.S. 306, 316, 28 S.Ct. 537, 540, 52 L.Ed. 804 (1908); *Hupman v. Cook,* 640 F.2d 497, 503 (4 Cir. 1981) (*dictum*); *McCloskey & Co. v. Eckart,* 164 F.2d 257, 260 (5 Cir. 1947); *Parlato v. Howe,* 470 F.Supp. 996, 1000 (E.D.Tenn.1979); *Hazlitt v. Fawcett Publications,* 116 F.Supp. 538, 540–41 (D.Conn. 1953); *Andrulat v. Brook Hollow Associates,* 176 Conn. 409, 412–13, 407 A.2d 1017, 1018–19; *Fitzgerald v. Scovil Manufacturing Co.,* 77 Conn. 528, 529, 60 A. 132, 133 (1905). Cf. *Jones Destruction, Inc. v. Upjohn,* 161 Conn. 191, 196–97, 286 A.2d 308, 310–11 (1971). Therefore, old § 52–577a will not be interpreted to apply to causes of action which had accrued prior to June 4, 1976, and which would not have been barred on that date by § 52–577.

### III. *The Breach of Warranty Cause of Action*

Paragraph 14 of the second count of plaintiff's complaint states that:

> The Defendant did impliedly warrant and represent to the Plaintiff and the public that said firearm was reasonably safe for its intended use and that the safety mechanism thereof was reasonably safe and that the weapon would not discharge when the hammer thereof was in the safety position.

If these allegations are construed to assert only a cause of action for breach of implied warranty, the cause of action would be time-barred because the subject weapon was manufactured and sold almost ten years before this suit was instituted. This would be so whether the applicable statute of limitations is Conn.Gen.Stat. § 52–577, governing tort actions (three years), or Conn.Gen.Stat. § 42a–2–725(1), controlling contract actions under the Uniform Commercial Code (four years). *Drakatos v. R. B. Denison, Inc.,* supra, 493 F.Supp. at 944 n.2 (D.Conn.1980); *Costa v. General Electric Co.,* supra, 5 Conn.L. Tribune No. 48, at p. 9; *Brown v. Merrow Machine Co.,* supra, 411 F.Supp. at 1165; *Boains v. Lasar Manufacturing Co.,* supra 330 F.Supp. at 1135; *Koslowski v. O. B. Maxwell Co.,* supra, 5 Conn.L. Tribune No. 22, at p. 12.

Plaintiff argues, however, that the second count of his complaint may read to, and indeed was intended to, assert a cause of action for breach of express warranty as well. In support of this contention, plaintiff refers to the complaint's language that "Defendant did impliedly warrant *and represent* to the Plaintiff and the public . . ." (emphasis supplied). He claims that "impliedly" modifies "warrant," but not "represent."

If the complaint is read liberally, as it must at this stage of the litigation, it will be construed to set forth a breach of express warranty claim. In turn, the contention must be separated into two components: an express warranty claim based on representations in defendant's advertising, and an express warranty claim based on representations made to the original purchaser of the revolver.

Under *Hamon v. Digliani,* 148 Conn. 710, 718, 174 A.2d 294 (1961), the plaintiff may rely on implied or express warranty causes of action based on the manufacturer's advertising. *Chairaluce v. Stanley Warner Management Corp.,* 236 F.Supp. 385, 386 (D.Conn.1964); *Leifert v. Masonite Corp.,* No. A.S. 219, 3 Conn.L. Tribune No. 8, p. 11 (Super.Ct., Jan. 7, 1977); see *Connolly v. Hagi,* 24 Conn.Sup. 198, 188 A.2d 844 (1963); *Simpson v. Powered Products of Michigan, Inc.,* 23 Conn.Sup. 409, 192 A.2d 555 (1963); see generally Annotation, *Statements in Advertisements as Affecting Manufacturer's or Seller's Liability for Injury Caused by Product Sold,* 75 A.L.R.2d 112, 128–33 (1961). Privity between the injured party and the manufacturer or seller making the representations is not required. *Hamon v. Digliani,* supra, 148 Conn. at 718, 174 A.2d 294; *Chairaluce v. Stanley Warner Management Corp.,* supra, 236 F.Supp. at 386; *Leifert v. Masonite Corp.,* supra, 3 Conn.L. Tribune No. 8, at p. 11; *Garthwait v. Brugio,* 153 Conn. 284, 288, 216 A.2d 189, 192 (1965); *Connolly v. Hagi,* supra, 24 Conn.Sup. at 204–07, 188 A.2d at 886–88; *Simpson v. Powered Products of Michigan, Inc.,* supra, 23 Conn.Sup. at 410, 192 A.2d at

560; see generally Annotation, *Privity of Contract as Essential to Recovery in Action Based on Theory Other Than Negligence, Against Manufacturer or Seller of Product Alleged to Have Caused Injury*, 75 A.L.R.2d 39, 83–86 (1961).

Express warranty actions under *Hamon v. Digliani*, are thus within the proviso of Conn.Gen.Stat. § 42a–2–318 [1] which states that the extension of express or implied warranty protection to third party beneficiaries provided by that section "is neutral with respect to case law or statutory law extending warranties for personal injuries to other person." In other words, the legislature has specifically provided that the scope of warranty protection established by § 42a–2–318 is not intended to supersede other statutes or cases which expand the exceptions to the privity requirement.

Plaintiff's express warranty claim under *Hamon v. Digliani* will be construed to state a cause of action for breach of an express warranty of future performance. See *Bevacqua v. Cooper-Weymouth Co.*, No. 15161, 2 Conn.L. Tribune No. 49, Aug. 12, 1976, p. 1 at p. 6 (Super.Ct.1976).

▉ A cause of action for breach of an express warranty of future performance does not accrue until that warranty is breached. *Standard Alliance Industries v. Black Clawson Co.*, 587 F.2d 813, 319–20 (6 Cir. 1978), cert. denied, 441 U.S. 923, 99 S.Ct. 2032, 60 L.Ed.2d 396 (1979); *Koslowski v. O. B. Maxwell Co.*, supra, 5 Conn.L. Tribune No. 22, at p. 12; *Rempe v. General Electric Co.*, 28 Conn.Sup. 160, 163, 254 A.2d 577, 578–79 (1969); Conn.Gen.Stat. § 42a–2–725(2).[2] Thus, under the statute of limitations here applicable, Conn.Gen.Stat.

§ 42a–2–725, see *Quadrini v. Sikorsky Aircraft Div., United Aircraft Corp.*, supra, 425 F.Supp. at 91; *Mitchell v. F. J. Stokes Div. of Pennwalt Corp.*, No. 149889, 5 Conn.L. Tribune No. 40, p. 20 (Super.Ct., July 23, 1979), plaintiff's express warranty claim under *Hamon v. Digliani* is not time-barred to the extent plaintiff can establish explicit representations by defendant regarding the future performance of the revolver. Whether § 42a–2–725 bars plaintiff's breach of warranty claim here depends upon the specific terms of any express representations by defendant alleged to give rise to a warranty under *Hamon v. Digliani. Mitchell v. F. J. Stokes Div. of Pennwalt Corp.*, supra, 5 Conn.L. Tribune No. 40, at p. 20; *Rempe v. General Electric Co.*, supra, 28 Conn.Sup. at 163, 254 A.2d at 578–79. Cf. *Standard Alliance Industries v. Black Clawson Co.*, supra, 587 F.2d at 819–21; *City of Hartford v. Associated Construction Co.*, No. 195272, 3 Conn.L. Tribune No. 17, p. 18 at p. 19 (Super.Ct., April 7, 1977); Note, *Article Two Warranties in Commercial Transactions*, supra note 2, at 271–72; J. White & R. Summers, Uniform Commercial Code, supra, at 341–42. Assuming that plaintiff can establish first, the existence of a warranty of future performance, and second, his reliance on that warranty, then the express warranty cause of action accrued at the time of plaintiff's injury and is not time-barred.

▉ The second component of plaintiff's argument asserts a claim for breach of express warranties other than those covered by *Hamon v. Digliani.* As to such claims, neither the legislature nor the courts of Connecticut, with one exception not appli-

---

1. Conn.Gen.Stat. § 42a–2–318 provides:

   A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of warranty. This section is neutral with respect to case law or statutory law extending warranties for personal injuries to other persons. A seller may not exclude or limit the operation of this section.

2. This rule does not apply in the implied warranty context. *Standard Alliance Industries v. Black Clawson Co.*, supra, 587 F.2d 813 at 820. *Costa v. General Electric Co.*, 5 Conn.L. Tribune No. 48 at p. 9; *Koslowski v. O. B. Maxwell Co.*, supra, 5 Conn.L. Tribune No. 22, at p. 12; see *Boains v. Lasar Manufacturing Co.*, supra 330 F.Supp. at 1135 (D.Conn.1971); Note, *Article Two Warranties in Commercial Transactions*, 64 CORNELL L.REV. 30, 270–71 (1978), and cases cited therein.

cable here, have expanded the exceptions to the privity requirement for express warranty actions beyond those provided in § 42a–2–318 (E. g., to cover subsequent purchasers), although they have had ample opportunity to do so. See *Roberto v. Firestone Tire and Rubber Co.*, No. 224139, 6 Conn.L. Tribune No. 33, Aug. 11, 1980, p. 15 (Super. Ct., Aug. 4, 1980) (§ 42a–2–318 includes an employee of the buyer, but "the legislature has not explicitly extended the warranty coverage to all foreseeable users"); *Coombs v. Toro Co.*, No. 221067, 6 Conn.L. Tribune No. 9, March 3, 1980, p. 8 (Super.Ct., Nov. 19, 1979) (§ 42a–2–318 does not include an employee of the buyer, the court noting that the Connecticut legislature has failed to adopt available, more expansive Uniform Commercial Code alternatives to § 42a–2–318. *Chen v. Reliable Rubber and Plastic Machinery Co.*, No. 030151, 5 Conn.L. Tribune No. 7, Feb. 12, 1979, p. 13, 25 U.C.C. Reporting Service 1274 (Super.Ct., Sept. 18, 1978) (§ 42a–2–318 does not include an employee of buyer, who thus lacks the requisite privity with the manufacturer); cf. *Pais v. Logemann Brothers Co.*, No. 048175, 5 Conn.L. Tribune No. 47, Nov. 19, 1979, p. 16 (Super.Ct., Oct. 30, 1979) (implied warranty does not extend to employee of buyer under § 42a–2–318). See also W. L. Prosser, Law of Torts 658 (4th ed. 1971) (Given the widespread adoption of the doctrine of strict liability in tort, "it would appear that 'warranty' without privity is on its way to the ashcan.").

Two cases from the Federal Court for the District of Connecticut, one of which was authored by this Court, might be read to abolish the privity requirement for all express warranty actions. However, the holdings of both cases must be limited to the factual and legal situations there presented. In *Chairaluce v. Stanley Warner Management Corp.*, 236 F.Supp. 385 (1964), and *Quadrini v. Sikorsky Aircraft Div., United Aircraft Corp.*, 425 F.Supp. 81 (1977) ("Quadrini I"), affirmed upon reconsideration, 505 F.Supp. 1049 (1981) ("Quadrini II"), implied and express warranty claims were allowed to stand absent privity between the plaintiffs and the defendant manufacturers. In

the *Chairaluce* and the *Quadrini* decisions, causes of action in strict liability were unavailable to the plaintiffs, so that a privity requirement would have left plaintiffs with only a negligence claim or with no cause of action at all. *Chairaluce* preceded the adoption of the doctrine of strict liability in tort by the Connecticut courts. See *Wachtel v. Rosol*, 159 Conn. 496, 271 A.2d 84 (1970); *Rossignol v. Danbury School of Aeronautics*, 154 Conn. 549, 227 A.2d 418 (1967); *Garthwait v. Burgio*, 153 Conn. 284, 216 A.2d 189 (1965). In *Quadrini*, North Carolina law, which does not yet recognize the strict liability doctrine, was held to govern the tort claims, and Judge Eginton specifically based his decision to uphold Judge Newman's ruling on the absence of an alternative tort action. See also *Chen v. Reliable Rubber and Plastic Machinery Co.*, supra, 5 Conn.L. Tribune No. 7, at p. 14, in which a Connecticut Superior Court refused to expand the scope of § 42a–2–318 to extend warranty protection to an employee of a buyer, where the employee had "alternative relief under the concept of strict tort products liability without the burden of establishing privity."

Now that the availability of strict liability doctrine is established under Connecticut law, the Connecticut courts have apparently determined that the purpose served by that doctrine no longer need be served by "violent pounding and twisting" of warranty theory. See W. L. Prosser, *The Assault Upon the Citadel* (Strict Liability to the Consumer), 69 Yale L.J. 1099, 1134 (1960). But See Note, *Article Two Warranties in Commercial Transactions*, supra note 2, at 256, (discussion of policy reasons for abandoning the privity requirement); J. White & R. Summers, Uniform Commercial Code, supra, § 11–6 at 335 (1972) ("It is possible that lack of privity as a defense to a cause of action will be only an historic relic in the year 2000. It is a doctrine in hasty retreat; its current vitality is largely in cases in which plaintiffs seek recompense for economic loss."). Therefore, to the extent plaintiff's complaint might be read to assert express warranty claims other than that

recognized by *Hamon v. Digliani*, such claims are barred for lack of privity.

### Conclusion

As to the first and third counts of plaintiff's complaint, defendant's motion for summary judgment is granted, except as to those portions that allege defendant's failure to warn. As to the second count of plaintiff's complaint, defendant's motion for summary judgment is granted, except as to the claim of breach of express warranty of future performance based on representations in defendant's advertisements.