Walter O. **DRESCHER**

v.

**HOFFMAN MOTORS CORPORATION.**

Civ. No. H–82–368.

United States District Court,
D. Connecticut.

May 17, 1984.

Roger J. Frechette, New Haven, Conn., for plaintiff.

Miles F. McDonald, Jr., Badger, Fisher, Cohen & Barnett, Stamford, Conn., for defendant.

## RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

CLARIE, Senior District Judge.

The defendant Hoffman Motors Corporation ("Hoffman") has moved, pursuant to Rule 56, Fed.R.Civ.P., for summary judgment in its favor against the plaintiff, Walter O. Drescher ("Drescher"). Hoffman contends that all issues material to this case have already been decided in a previous litigation. As a consequence, Hoffman argues the doctrine of collateral estoppel, or issue preclusion, bars Drescher from relitigating these issues. The Court finds that the material issues presented by the new complaint were not decided in the first case, and that the doctrine of collateral estoppel does not apply. The Court therefore denies Hoffman's motion for summary judgment.

### Facts

Drescher was a salesman and repairman of electronic automotive diagnostic devices which were designed so as to start an automobile by remote control. While Drescher was servicing and testing one such device, which he had previously sold to Girard Motor Sales Company, Inc. ("Girard Motors"), and while on the latter's premises, an automobile being tested which was owned by Girard Motors, accidentally started, lurched forward, and struck Drescher, causing him serious injuries. Subsequently, Drescher sued Girard Motors for negligence in a case tried to this Court. The Court found that Drescher's own negligence proximately caused the accident and that his own failure to exercise due care constituted eighty per cent (80%) of the cause. Under Connecticut's comparative negligence statute, the Court entered a defendant's verdict in favor of Girard Motors.

Drescher has now brought a new suit against Hoffman alone, the distributor of the automobile which caused the injuries, under the theories of negligence in both design and warning, breach of implied warranty and strict tort liability. Hoffman has moved for summary judgment, arguing (1) that Drescher, as a stranger to the sale of the automobile in question by Hoffman to Girard Motors, cannot bring an action in breach of warranty, and (2) that all issues material to the causes of action in the new complaint were previously litigated and decided, and that Drescher should be precluded from bringing the second suit by the operation of collateral estoppel. The Court shall address these contentions *seriatim*.

### *Discussion of Law*

#### 1. *Breach of Warranty Claims*

Drescher alleges that Hoffman breached its implied warranties of both merchantibility and of fitness for a particular purpose, namely "the purpose of testing the circuitry" of the vehicle. Hoffman claims that, since Drescher did not purchase the automobile which struck him, he cannot bring these breach of warranty claims.

Connecticut has adopted Alternative A of the Uniform Commercial Code's sections regarding third party beneficiaries of seller's warranties. White & Summers, *Uniform Commercial Code*, (2d Ed.1980) at 403, n. 14. This alternative states, in pertinent part:

"A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by

breach of warranty. This section is neutral with respect to case law or statutory law extending warranties for personal injuries to other persons. A seller may not exclude or limit the operation of this section." 42a Conn.Gen.Stat. § 2–318. As its very language indicates, this statute applies to both express and implied warranties, and was not intended to limit case law which would extend warranties for personal injuries to persons other than those explicitly named in the statute.

Connecticut case law, in construing this section, has allowed non-privy parties, both from among the named group, and also from outside the named group, to bring causes of action in warranty under certain circumstances. *Ferguson v. Sturm, Ruger & Co., Inc.*, 524 F.Supp. 1042, 1046–49 (D.Conn.1981) (revolver owner who was not original purchaser could bring breach of warranty action based upon manufacturer's advertising, but could not bring such an action based upon representations made to original purchaser); *Quadrini v. Sikorsky Aircraft Division*, 505 F.Supp. 1049, 1050–53 (D.Conn.1981) (employees of the purchaser allowed to bring both express and implied breach of warranty claims against manufacturer); *Epstein v. Giannattasio*, 25 Conn.Sup. 109, 110, 197 A.2d 342 (Conn.Common Pleas 1964) (allowing beauty parlor patron whose hair was harmed by goods purchased by beauty parlor to sue distributor for breach of warranty). As *Ferguson* pointed out, however, the holdings of all of these kinds of cases "must be limited to the factual and legal situations there presented." *Ferguson, supra*, at 1048. In other words, in its consideration of whether or not to allow a third party breach of warranty claim, the Court must carefully weigh and balance all the factual and legal circumstances. Such a consideration was not essential to the holding of Drescher's previous case and the Court is therefore not bound by its findings of fact or conclusions of law on this issue. (*See* § 2, *infra*). The Court states, with-

out deciding, (1) that Drescher was likely both a foreseeable user of the automobile distributed by Hoffman and a business invitee of Girard Motors, the purchaser thereof and (2) that Drescher does conceivably state cognizable breach of warranty claims. To dismiss these claims at such an early stage would be to unduly and unfairly prejudice Drescher. Thus, the Court finds that, at this time, it cannot decide as a matter of law that Drescher does not state colorable breach of warranty claims.

### 2. *Collateral Estoppel*

■ The doctrine of collateral estoppel, or issue preclusion, states that "if an issue of fact or law was actually litigated and determined by a valid and final judgment," and said determination was "essential to the first judgment," said "determination is conclusive in a subsequent action between the parties," but only when the party against whom preclusion is asserted [has] had a 'full and fair opportunity' to litigate the claim or issue in the first action." C. Wright, *Law of Federal Courts* (4th Ed. 1983), at 682–83. Ordinarily, parties are bound by the preclusive effect of the first action, while non-parties are not so bound. *Id.*, at 684. Recently, the United States Supreme Court has eliminated the "mutuality" requirements which limited recourse to collateral estoppel to parties to the first action, and has allowed non-parties to the original action to invoke the doctrine both defensively (i.e., allowing a defendant in a second suit, who was not a party to a former suit to estop a plaintiff from asserting a claim which it had previously tried and lost against another defendant) *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971) and offensively (i.e., allowing a plaintiff in a second suit who was not a party to a former suit, under some circumstances and subject to the broad discretion of the trial court, to preclude a defendant from relitigating the issues which said defendant had previously

tried and lost against another plaintiff). *Parkland Hosiery Co. v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). As a defendant in Drescher's second suit and a nonparty in his first, Hoffman relies upon the use of nonmutual defensive collateral estoppel, claiming that Drescher's negligence and product misuse, as well as Hoffman's compliance with its duty to warn, were established conclusively in the first decision. Considering the theories of Drescher's second case viewed in light of the facts and issues litigated, decided, and truly essential to the decision in his first case, the Court finds that Hoffman's reliance thereupon is unfounded.

The sole essential issue in the first case, actually litigated by the parties and passed upon by this Court, was that of Drescher's negligence *vis a vis* that of Girard Motors and its agents. Any findings in the first case concerning Hoffman's obligation to warn were certainly not essential to a comparison of Drescher's negligence to that of Girard Motors. The remaining material issues alleged in Drescher's second complaint, to wit, Hoffman's alleged liability under negligence, strict liability or breach of warranty theories either arise under different facts or are to be decided under different legal standards than the facts and issues of the first case. However meritorious Hoffman's defenses may be, including but not limited to its claims that Drescher misused the product, or that Drescher was more negligent than Hoffman was, those defenses must await decision until a later date.[1] Thus, the Court denies Hoffman's motion for summary judgment without prejudice to its being renewed at some point in the future.

SO ORDERED.

---

1. Although the issue was not raised by Hoffman in either its argument or its brief, the Court would also decline to exercise the doctrine of res judicata, also known as a claim preclusion in this case. Although Drescher's failure to join Hoffman in the earlier suit is certainly not commendable from the perspective of judicial economy, 18 Wright, Miller & Cooper, *Federal Practice and Procedure*, § 4464, at 587 (1981), it does seem to have been the result of a reasonable mistake. Drescher had originally sued BMW of North America as the manufacturer and/or distributor of the BMW which struck him, but said corporation was granted summary judgment because it neither made nor sold the BMW in question. Moreover, it appears that decisions from other district courts in this circuit have only allowed nonmutual claim preclusion under circumstances in which a litigious pro se plaintiff was attempting to bring an action upon the same set of operative facts time and again *ad nauseam*, with only a slight modification of his legal theories or with only minor additions to the cast of characters-defendant. *Hazzard v. Weinberger*, 382 F.Supp. 225, 226–29 (S.D.N.Y. 1974), *aff'd* 519 F.2d 1397 (2d Cir.1975), *Morgan Consultants v. A.T. & T.*, 546 F.Supp. 844, 847, n. 5 (S.D.N.Y.1982). Another case from the Southern District of New York disallowed nonmutual claim preclusion when the second set of parties defendant did not exhibit a sufficiently close relationship to the original set of defendants. *Joseph Muller Corp. Zurich v. Gazocean International, S.A.*, 394 F.Supp. 1246, 1248–49 (S.D.N.Y. 1975). Drescher's case does not rise to the level of uninformed intractableness demonstrated by the aforementioned "pro se" cases, nor can Hoffman state the sufficiently close relationship with Girard Motors necessary to support the invocation of nonmutual claim preclusion in this case, especially in light of the dangers associated with this doctrine by Professor Wright and his colleagues. They state that "it is very difficult to confine a principle that allows [nonmutual claim] preclusion only when it is just and proper" and suggest a case by case analysis which would permit "nonmutual claim preclusion only if the new party can show good reasons why he should have been joined in the first action and the old party cannot show any good reasons to justify a second chance." *Wright, supra,* at 589. With all of these considerations in mind, the Court refuses to use nonmutual claim preclusion to prevent Drescher, in draconian fashion, from bringing a claim based on substantially different legal theories against a new party independent of the original defendant.