Barbara D. QUADRINI, as Executrix of the Estate of Frank J. Quadrini, Jr., deceased, and Iona Marie McCormick, as Administratrix c. t. a. of the Estate of Richard R. McCormick, deceased, Plaintiffs,

v.

SIKORSKY AIRCRAFT DIVISION,
United Aircraft Corporation,
Defendants.

Civ. No. B–74–81.

United States District Court,
D. Connecticut.

Jan. 23, 1981.

Theodore I. Koskoff, Koskoff, Koskoff, Rutkin & Bieder, Bridgeport, Conn., for plaintiffs; Steven E. Anderson, Milton G. Sincoff, Melvin Friedman, Kreindler & Kreindler, New York City, of counsel.

William H. Prout, Jr., David A. Reif, Linda L. Randell, Shaun S. Sullivan, Wiggin & Dana, New Haven, Conn., for defendants.

### RULING ON DEFENDANT UTC's MOTION FOR RECONSIDERATION

EGINTON, District Judge.

Defendant, United Technologies Corporation, seeks reconsideration of Judge Newman's ruling in *Quadrini v. Sikorsky Aircraft Division, United Aircraft Corporation*, 425 F.Supp. 81 (D.Conn.1977), in which the Court held that plaintiffs' warranty claims sounding in contract did not require privity between employees of the purchaser of the product and the manufacturer of the product.

Defendant alleges that the lack of privity between it, as manufacturer, and the deceased, as employees of the purchaser (federal government), renders the breach of warranty claims fatally defective according to recent Connecticut law. Defendant further contends that the deceased, as employees, are not within the class of individuals protected by the warranty provisions of Conn.Gen.Stat. § 42a–2–318. Relying on state Superior Court decisions issued subsequent to Judge Newman's opinion, defendant contends that the privity requirement is no longer an unsettled state law question as it may have been in 1977 when Judge Newman addressed the issue. It submits that privity was then, and still is, an essential prerequisite to the maintenance of a contractual breach of warranty claim.

Plaintiffs argue that the Superior Court rulings are distinguishable and not dispositive of the privity issue, particularly in this case where two distinct bodies of state law govern the parties' claims. As such, plaintiffs urge this Court to reaffirm Judge Newman's original opinion and to deny defendant's motion for reconsideration and its motion to dismiss the warranty claims. For the reasons set forth below, defendant's motion for reconsideration is granted. Upon reconsideration, this Court finds no reason to disturb Judge Newman's decision. Accordingly, defendant's motion to dismiss counts two and four, in which plaintiffs seek damages for breach of warranty, is denied.

In his initial opinion, Judge Newman relied on several Connecticut state court decisions to support his conclusion that "a recovery on an implied or express warranty claim without privity is available under Connecticut law." *Quadrini, supra*, at 90. Careful review of Connecticut lower court opinions reveals an absence of uniformity with respect to the requirements for maintaining a warranty action. The Connecticut Supreme Court has not yet ruled on the issue.

■ There are two bases of recovery on an implied warranty theory under Connecticut law. *Pais v. Logemann Brothers Company*, 5 C.L.T. No. 47 at 16 (Super.Ct. Waterbury 1979). One basis is in tort, while the other is contractual and involves either an implied warranty of merchantability or an implied warranty of fitness for a particular purpose, as embodied in Conn. Gen.Stat. §§ 42a–2–314, 42a–2–315. Whether a contractual warranty is express or implied, it may be extended to third party beneficiaries pursuant to Conn.Gen. Stat. § 42a–2–318. The requirements for bringing warranty actions vary depending on the theory presented to the Superior Court.

■ Connecticut courts since *Hamon v. Digliani*, 148 Conn. 710, 174 A.2d 294 (1961) have recognized a tortious breach of warranty claim which does not require a privity relationship. Defendant contends that the *Hamon* common law cause of action is dead in light of the evolution of strict liability in Connecticut pursuant to § 402A of the Second Restatement of Torts, which does not require privity. As such, defendant seeks to prevent plaintiffs from pursuing any warranty claim in Connecticut derived from the *Hamon* cause of action. However,

the recent *Pais* decision, *supra*, cited by both parties, refutes defendant's position that the *Hamon* claim is no longer viable. In *Pais*, the court denied a motion to strike a tortious breach of warranty count in the complaint and allowed the common law claim, notwithstanding the availability in Connecticut of an action for strict liability. The Superior Court judge noted that the Connecticut courts have not yet decided when a cause of action based on implied warranty would be barred. This Court therefore believes that, until the Connecticut Supreme Court rules a tortious breach of warranty action and a strict liability claim to be mutually exclusive, a plaintiff may allege either (or both) without establishing a privity relationship.

Defendant next argues that the availability of either or both a tortious breach of warranty and strict liability claim under Connecticut law is irrelevant, because Judge Newman has already determined that plaintiffs' claims sounding in tort must be governed by North Carolina law. *Quadrini, supra*, at 88. Since North Carolina law recognizes neither tortious breach of warranty nor strict liability, defendant contends that plaintiffs must be precluded from raising their warranty claims in Connecticut. Defendant correctly states that plaintiffs' claims based in tort are governed by North Carolina law. However, attempting to bar plaintiffs' access to court on a tort basis, defendant ignores Judge Newman's ruling that plaintiffs' second and fourth claims for breach of warranty sound in contract, rather than tort. *Quadrini, supra*, at 89. As such, Connecticut law governs the disposition of plaintiffs' contractual warranty claims.

Defendant contends that even if plaintiffs' claims are contractual, recent Connecticut Superior Court judges have held that recovery on a contractual warranty theory is contingent upon proof that either the plaintiff is in privity with the defendant, or qualifies as a third party beneficiary under the Connecticut version of the Uniform Commercial Code, Conn.Gen.Stat. § 42a–2–318. *Pais, supra*.

With respect to defendant's first contention, it correctly denies that plaintiffs hold a formal privity relationship to it. However, after reviewing the recent Connecticut cases, this Court is not convinced that these decisions etch the privity requirement in stone. Certain decisions do appear to require privity in a contractual warranty action. Nonetheless, such rulings are uniformly based on the availability of some alternative remedy as to which privity is unnecessary. For example, in *Pais, supra,* the court acknowledged a privity requirement in Connecticut, but found it of no consequence to the plaintiff, who also had a cause of action for tortious breach of warranty. In *Chen v. Reliable Rubber and Plastic Machinery Co., Inc.*, 25 U.C.C.Rep. 1274, 1275 (Super.Ct. Fairfield 1978), the court sustained a demurrer to the warranty count because plaintiff failed to show privity of contract. The court held that it acted with the assurance that a cause of action for strict liability remained available to the plaintiff without establishing privity. Thus, it is arguable that what defendant perceives as a firm commitment to privity in Connecticut is, as noted above, nothing more than an application of the doctrine limited to the existence of alternative remedies wherein privity is not required.

The availability of such alternatives in Connecticut which guarantee access to the courts on at least one claim without showing privity renders unlikely an appeal to the State Supreme Court on this narrow issue. Indeed, this unsettled issue was raised before Judge Newman and renewed to this Court only because the instant plaintiffs face an unusual situation. Their warranty claims must be decided by this Court, sitting in diversity, which is obliged to follow two distinct substantive bodies of law, one of which (North Carolina) disallows the alternatives available in Connecticut. Therefore, if this Court were to read Connecticut lower court opinions as dispositive of the contractual privity requirement under all circumstances, plaintiffs in this action would be denied access to court on both their contractual breach of warranty claims and their tort claims.

This situation therefore differs from those presented to the Connecticut courts, wherein a plaintiff was never left entirely without a cause of action either in tort or contract. In none of the recent Connecticut cases would imposing a privity requirement have meant the dismissal of all warranty counts, but only that the plaintiffs would pursue their claims through the available alternative tort routes. Hence, the parties suffered no prejudice by the dismissal of their contractual warranty claims for failure to show privity, unlike these plaintiffs who would be unable to proceed on any warranty theory unless the common law requirement were abandoned in this case, or a substitute for privity found to exist.

The Connecticut legislature, as distinct from the courts, has dealt with the privity requirement by enacting a version of the Uniform Commercial Code, which modifies the common law requirements for maintaining a contractual warranty claim. Conn. Gen.Stat. § 42a–2–318. Connecticut follows Alternative A, which permits "any natural person who is in the family or household of his buyer or who is a guest in his home" to bring a breach of warranty action. A person who qualifies as a beneficiary of the statute may pursue a warranty claim on the theory that falling within the scope of protected individuals amounts to a substitute for privity. *Pais, supra*, at 16. Alternative A is more restrictive in its coverage than either Alternative B, which extends warranties to "any natural person who may reasonably be expected to use, consume or be affected by the goods and who is injured in person by the breach of warranty," or Alternative C, which covers "any person who may reasonably be expected to use, consume or be affected by the goods and who is injured by the breach of warranty." 1A *Uniform Laws Annotated* 52–53 (1976).

Defendant correctly points out that in *Chen, supra*, at 1275, a Superior Court judge held that employees are not included in the statutory list of persons guaranteed

warranty coverage. As noted earlier, that court mentioned the availability of a cause of action in strict liability. This Court is not persuaded that the adoption of Alternative A in Connecticut evinces a clear legislative intent[1] to preclude all other persons but those in the family, household, or a guest from seeking warranty coverage. To the contrary, an amendment to Conn.Gen. Stat. § 42a–2–318 enacted in 1965, expressly states that "[t]his section is neutral with respect to case law or statutory law extending warranties for personal injuries to other persons." Consistent with this position, other Alternative A states have extended warranties to employees. 1A *Uniform Laws Annotated* 74–77 (1976) and 10–11 (Supp.1979).

 Furthermore, another Superior Court judge has held that the sentence in the amendment pertaining to neutrality refers to developing case law, which suggests a trend toward the ultimate demise of privity and for more expansive warranty protection. *Coombes v. The Toro Company*, 6 C.L.T. No. 9 at 18 (Super.Ct. at Htfd. 1979). Judge Zampano anticipated this trend in *Chairaluce v. Stanley Warner Management Corp.*, 236 F.Supp. 385, 387 (D.Conn.1964), in which he stated:

> [R]ecent statutory changes and cases, coupled with the broad language and a review of the citations of authorities in *Hamon*, indicate to this Court that the giant steps toward the inevitable demise of the privity requirement have been taken in Connecticut. The heights attained in this field by the legislature and judiciary in Connecticut should not now serve as pinnacles from which this Court backslides toward resuscitation of the privity doctrine.

> \* \* \* \* \* \*

Moreover, discarding the privity bugaboo in such cases harmonizes with the modern trend in other states and with the views of learned scholars in the field.

---

**1.** Such as that evidenced by the Maine legislature which expressly abolished the privity requirement, but only because strict liability did

not exist as an alternative form of relief. *Chen, supra*, at 1276.

Judge Zampano's reasoning is persuasive. This Court believes that rejecting the common law privity requirement under the circumstances of this case neither subverts legislative intent nor dilutes the strength of Superior Court precedent.[2] Moreover, until the Connecticut Supreme Court has had an opportunity to consider whether an employee is covered by Conn.Gen.Stat. § 42a–2–318, or whether common law privity is an essential prerequisite to a contractual warranty claim absent an alternative tort action, this Court will not deprive these plaintiffs of a cause of action for breach of warranty.

Accordingly, this Court reaffirms Judge Newman's considered opinion in *Quadrini, supra,* and denies defendant's motion to dismiss plaintiffs' counts two and four for breach of warranty.

It Is so Ordered.

---

**2.** In so holding, this Court acknowledges its duty to give "proper regard" to the decisions rendered by the lower state courts, when the highest court has not yet ruled. *Commissioner v. Estate of Bosch,* 387 U.S. 456, 465, 87 S.Ct. 1776, 1782, 18 L.Ed.2d 886 (1967). However, this Court would not be bound by Superior Court decisions, even if clear and consistent. *Connecticut State Federation of Teachers v. Board of Education Members,* 538 F.2d 471, 485 (2d Cir. 1976).