Jerome B. RESNICK, Administrator, Estate of Paul S. Resnick, Lisa L. Chism, Administratrix, Estate of Mackie Glen Chism, Herbert R. Zimmerman, Administrator, Estate of Richard Zimmerman, Raquel E. Rosario Bacallao, Margaret R. Paserba, Administratrix, Estate of Michael T. Paserba, Judy Williams, Administratrix, Estate of Timothy Williams, Jerry L. Pease, Administrator, Estate of Troy Donovan Pease, C. Douglas Maxwell, Jr., Administrator, Estate of Sebastian Correira III, Dicia A. Ingalls, Executrix, Estate of Arlington E. Ingalls,

v.

SIKORSKY AIRCRAFT, A DIVISION OF UNITED TECHNOLOGIES CORPORATION.

Civ. Nos. H–86–193 (PCD), H–86–199 (PCD), B–86–278 (PCD), H–86–574 (PCD), H–86–1461 (PCD), H–87–13 (PCD), B–87–162 (PCD), B–87–163 (PCD) and H–87–179 (PCD).

United States District Court, D. Connecticut.

May 20, 1987.

Matthew Shafner, O'Brien, Shafner, Bartinik & Kelly, Groton, Conn., Marc S. Moller and Arthur H. Rosenberg, Kreindler & Kreindler, New York City, for Resnick, Chism, Bacallao, Paserba and Williams.

Michael Cefalo, Cefalo & Assoc., West Pittston, Pa., Marc S. Moller, Kreindler & Kreindler, Arthur H. Rosenberg, New York City, Matthew Shafner, O'Brien, Shafner, Bartinik, Stuart & Kelly, P.C., Groton, Conn., for Zimmerman.

Dominick Esposito, William C. Longa, Zeldes, Needle & Cooper, Bridgeport, Conn., R. Thomas Roe, Stephen P. Watters,

Roe, Rath & Watters, Minneapolis, Minn., for Pease.

Dominick Esposito, William C. Longa, Zeldes, Needle & Cooper, Bridgeport, Conn., Robert S. Cooper, Port Haywood, for Douglas.

Thomas Wilson, Suisman, Shapiro, Wool, Brennan & Gray, New London, Conn., for Dicia Ingalls, Ex'r.

Edward T. Falsey, III, Patrick M. Noonan, Penny Q. Seaman, Wiggin and Dana, New Haven, Conn., William F. Womble, Jr., S. Fraley Bost, Womble, Caryle, Sandridge & Rice, Winston Salem, N.C., for Sikorsky Aircraft.

## RULING ON MOTION TO DISMISS

DORSEY, District Judge.

*Procedural Background*

Plaintiffs commenced these consolidated wrongful death actions seeking damages for the deaths of their respective decedents arising out of a March 13, 1985, crash of a UH–60A Blackhawk helicopter at Fort Bragg, North Carolina. Plaintiffs assert four claims: negligence, strict liability, breach of warranty, and breach of contract. On January 12, 1987, defendant moved to dismiss this action in its entirety based on plaintiffs' lack of capacity to sue. On March 27, 1987, the court denied that motion, finding that, as of that date, plaintiffs had received ancillary appointments in the Connecticut Probate Court. Defendant alternatively moved to dismiss Counts Three and Four on the ground that plaintiffs were not in privity with the contractual relationship existing between defendant and the government, the purchaser of the helicopter, and thus could not proceed on their contractually based claims. As the resolution of this issue hinged on the par-

ticular law which would be applied, rebriefing was ordered on the conflicts of law question.

*Choice of Law*

Ordinarily, a federal court sitting in diversity must apply the law of the forum state, *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941), including the applicable choice of law principles, *SCA Serv., Inc. v. Lucky Stores*, 599 F.2d 178, 180 (7th Cir.1979); *CBS, Inc. v. Film Corp. of America*, 545 F.Supp. 1382, 1385 (E.D.Pa. 1982). That is not the rule, however, in a situation such as this, where the accident in question occurred on a federal enclave. Instead, the choice-of-law analysis must be determined by reference to 16 U.S.C. § 457,[1] which provides:

> In the case of the death of any person by the neglect or wrongful act of another within a national park or other place subject to the exclusive jurisdiction of the United States, within the exterior boundries of any state, such right of action shall exist as though the place were under the jurisdiction of the state within whose exterior boudaries such place may be; and in any action brought to recover on account of injuries sustained in any such place the rights of the parties shall be governed by the laws of the State within the exterior boundaries of which it may be.

The two courts which have considered § 457 and the choice-of-law question have resolved the issue differently. In *Jenkins v. Whittaker*, 785 F.2d 720, 724 n. 6 (9th Cir 1986), the court, seemingly analogizing the case to a simple diversity action, held that the section required application of the choice-of-law rules of the state wherein the

---

1. In their Supplemental Memorandum, at 4–5, plaintiffs argue that this case is based solely on diversity of citizenship, 28 U.S.C. § 1332, and, apparently, that § 457 would not alter the traditional choice-of-law analysis required under *Klaxon Co.* On the other hand, in their Reply in Opposition to Defendant's Supplemental Memorandum, at 4, they seemed to have moved toward an endorsement of the choice-of-law analysis enunciated in *Quadrini v. Sikorsky Air-*

*craft Division*, 425 F.Supp. 81 (D.Conn.1977). To the extent they continue to maintain their argument that § 457 is irrelevant to a determination of the issues presented in this case, such argument is erroneous, as § 457 is clearly the means by which wrongful death actions occurring on federal property may be heard. *Ferebee v. Chevron Chem. Co.*, 736 F.2d 1529, 1533 (D.C. Cir.1984).

federal enclave was located.[2] In *Quadrini v. Sikorsky Aircraft Division*, 425 F.Supp. 81 (*Quadrini I*), reaff'd on reconsideration, 505 F.Supp. 1049 (D.Conn.1981) (*Quadrini II*), the court adopted a threefold approach in its interpretation of § 457. First, the court held that § 457 initially required a consideration of the law of the state where the accident occurred to determine whether the state recognized a cause of action in that given situation. *Id.* at 86–88. Next, assuming a cause of action was recognized, the federal court was to apply a "body of federal conflicts law," rather than state conflict principles, "since [the] Court [was] exercising federal question jurisdiction." *Id.* at 88. In that decision, Judge Newman adopted the conflicts principles enunciated in the Restatement (Second) of Conflicts of Laws § 145 (tort) and § 188 (contract) (1971 & Supp.1985–86). Finally, having determined which substantive law was to be applied, the court was then required to determine the propriety of the plaintiff's respective claims according to that substantive law. As these two

cases adopt different rules for approaching the conflicts question under § 457, arguably different rules of substantive law could be applied in identical fact situations whenever the forum state had not adopted the Restatement approach to choice-of-law questions. That is not the case here, however.

North Carolina adheres to the lex loci contractus and lex loci delicti or the vested rights approach to conflicts questions. *See Henry v. Henry*, 291 N.C. 156, 229 S.E.2d 158 (1976); *Cunningham v. Brown*, 51 N.C.App. 264, 276 S.E.2d 718 (1981). Under those principles, plaintiffs' claims based on contract would be determined by Connecticut law—the state wherein the contract to sell the helicopter was formed.[3] Plaintiffs argue, however, that, as to the claims based on tort,[4] Connecticut law should apply, as the occurrence of the accident in North Carolina was merely fortuitous and that Connecticut has the most significant relationship to the parties and the interests involved.[5] Such is

**2.** The court cited *Vasina v. Grumman Corp.*, 644 F.2d 112, 117, 119 (2d Cir.1981), as authority for its holding. While it is true that *Vasina* applied the law of the situs state, it is not clear that the court was faced with the choice-of-law question. Indeed, it appears that the parties agreed as to the application of New York law. *Id.* at 119. Accordingly, the case provides questionable support.

**3.** The parties apparently do not dispute that Connecticut law applies to the contract claim as the helicopter was designed, manufactured, tested, marketed, and sold by defendant to the United States in Connecticut. Application of Connecticut law to this claim is well grounded, since either under the vested rights approach the contract was formed in this state, see *Cunningham*, 51 N.C.App. at 264, 276 S.E.2d at 718; *Fast v. Gulley*, 271 N.C. 208, 155 S.E.2d 507 (1967); *cf. Dick v. Dick*, 167 Conn. 210, 223, 355 A.2d 110 (1974); *Breen v. Aetna Cas. & Sur. Co.*, 153 Conn. 633, 637, 220 A.2d 254 (1966), or, under the Restatement approach, Connecticut would be found to have the most significant relationship to the transaction, *Quadrini I*, 425 F.Supp. at 89–90; *cf. Economu v. Borg Warner*, 652 F.Supp. 1242 at 1247–48. In Defendant's Reply to Plaintiffs' Supplemental Memorandum, at 2 n. *, they allege for the first time that other states may have some relation to this action. Defendant does not argue, however, that Connecticut does not have the most significant rela-

tionship nor that the contract should not be considered to have been executed here. Even assuming defendant has now adopted a different approach and contests application of Connecticut law to the contract claim, such is found to be erroneous. As far as this claim is concerned, the facts clearly warrant the conclusion that the contract was formed in Connecticut.

**4.** The parties disagree as to the nature of plaintiffs' third count. Plaintiffs argue that their breach of warranty claim is based in tort, not contract. Plaintiffs' Memorandum at 9. Defendant argues that, since the language of the third count mirrors the language set out at Conn.Gen.Stat. § 42a–2–315, that claim must be one considered to be based on contract. As plaintiffs are considered masters of their own complaint and as the liberal amendment policy of the Fed.R.Civ.P. 15 would probably allow amendment should plaintiffs' position not be adopted, credit is given to plaintiffs' construction of this count.

**5.** As noted *supra*, a close analysis of *Quadrini I* indicates that the court applied the most significant relationship test as a matter of federal conflicts laws. Although plaintiffs rely on Connecticut's adoption of the most significant relationship test, *O'Connor v. O'Connor*, 201 Conn. 632, 650, 519 A.2d 13 (1986), rather than the federal rule, the effect is the same as the underlying tests are identical.

not the case.[6] As the court noted in *Quadrini I*, on facts almost identical to those alleged herein, the helicopter was maintained in North Carolina. Plaintiffs' decedents either lived on or around the area surrounding the federal enclave. "Thus, the enclave is the location with the most significant relationship to the events and the parties involved in the crash." *Quadrini I*, 425 F.Supp. at 88. Furthermore, contrary to plaintiffs' assertion, plaintiffs' decedents should have realized that the rights of their heirs to claim damages would have been determined by the law of the state in which the accident occurred, the helicopter was maintained, and where they were stationed. Thus, applying either the Restatement approach adopted in *Quadrini I* or the vested rights approach required by *Jenkins* ruling that the conflicts rules of the situs state be applied, it is clear that North Carolina law would be applied to the tort claims and Connecticut law would be applied to the contract claim.[7]

*Dismissal of Claims*

 Having determined what law is to be applied to which claims, the court is left to assess the viability of the respective claims. First, as noted in *Quadrini II*, 505 F.Supp. at 1051, and as is still the rule today, *Smith v. Fiber Control Corp.*, 300 N.C. 669, 268 S.E.2d 504, 509–10 (1980), North Carolina does not recognize an action based either on strict liability or tortious breach of warranty. Accordingly, Counts Two and Three are dismissed. *See Quadrini I*, 425 F.Supp. at 89. As to Count Four, however, resolution of the issue is less clear. In *Quadrini I*, Judge Newman denied defendant's motion to dismiss plaintiffs' contractually based warranty claims finding that privity was not required. *Id.* at 90. On reconsideration, Judge Eginton reaffirmed the ruling finding that the trend in Connecticut law at that time was to the effect that privity would not be required where a plaintiff would be left without a remedy either in tort or contract. *Quadrini II*, 505 F.Supp. at 1051–52. Here, unlike in *Quadrini II*, plaintiffs would be left with a viable remedy based on negligence which would be cognizable under North Carolina law. *See Quadrini II*, 505 F.Supp. at 1051–52 ("In none of the recent Connecticut cases would imposing a privity requirement have meant the dismissal of all warranty counts, but only that the plaintiffs would pursue their claims through the available tort remedies."). Indeed, this limited exception was recognized by Judge Zampano in *Ferguson v. Sturm, Ruger & Co., Inc.*, 524 F.Supp. 1042, 1047–48 (D.Conn.1981) ("Now that the availability of the strict liability doctrine is established under Connecticut law, the Connecticut courts have apparently determined that the purpose served by that doctrine no longer need be served by violent pounding and twisting of the warranty theory."); *see also Drescher v. Hoffman Motors Corp.*, 585 F.Supp. 555, 557 (D.Conn.1984). Plaintiffs' fourth count, asserting a breach of contract, simply cannot stand for failure of plaintiffs to allege that they were in privity to the contractual relationship between defendant and the purchaser of the helicopter, the United States. As plaintiffs still have a viable negligence claim under North Carolina law, adherence to the limited exception to the otherwise clear rule requiring that privity be established to assert a claim for breach of contract would not be sound.

Accordingly, defendant's motion to dismiss Counts Two, Three, and Four of plaintiffs' complaint is granted. Plaintiffs may proceed with their negligence claim under North Carolina law.

It is further ordered:

1. The parties shall, on or before June 5, 1987, report on the status of these con-

---

**6.** *Saloomey v. Jeppesen & Co.*, 707 F.2d 671, 675–77 (2d Cir.1983), does not require a different holding. The accident in North Carolina was not merely fortuitous. This was not a situation of interstate aviation. Rather, the helicopter was maintained and used for training or other operations in North Carolina.

**7.** Applying this analysis, separate consideration need not be given to the action involving plaintiff *Zimmerman* on the ground that that case was transferred to this district from Pennsylvania, 28 U.S.C. § 1404, as it is clear that the choice of laws of the forum state are irrelevant.

solidated cases with respect to the time necessary to complete discovery and the prospects of settlement.

2. With respect to future pleadings in these consolidated cases, including the report to be filed by June 5, 1987, the parties need only file one pleading in the *Resnick v. Sikorsky Aircraft*, Civil No. H–86–193 (PCD), action to the extent such pleading is of general applicability and represents the interests of each of the respective parties. Each such pleading shall be referenced on the docket sheet for Civil No. H–86–193 (PCD), which will be treated as the master docket for these consolidated actions. Any pleading which is unique to a particular party should be filed exclusively in that particular case.

SO ORDERED.