[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an allegation for property damages arising from the alleged defective installation of certain windows in the plaintiffs' residence. The plaintiffs brought this action against the installer, the distributor and the manufacturer of the windows. After closing the pleadings by filing its answer and special defense, (to which a reply has been made), the defendant manufacturer, United Window and Door Manufacturing, Inc., (UWDM) moved for summary judgment as to the counts of the complaint specifically directed to it (counts seven, eight and nine) on the grounds that it is entitled to such judgment as a matter of law with respect to count eight and because there is no genuine issue of material fact which would render it liable on counts seven and nine.
The motion for summary judgment was accompanied by an affidavit of an agent for the corporate defendant. The plaintiffs' memorandum in opposition to the motion and supporting memorandum of law is directed mainly at an issue no longer relevant: plaintiffs' failure to file a reply to this defendant's answer and special defenses for a five month period. The remainder of the memorandum fails to address the claims of law raised in the motion. Nor did the plaintiffs submit any evidence tending to show the existence of a genuine issue of material fact. See, Practice Book, 381; Telesco v. Telesco,187 Conn. 715, 718 (1982); Rathkopf v. Pearson, 148 Conn. 260, 263-64
(1961).
The eighth count of the complaint alleges that the defendant gave an express warranty of merchantability and fitness of the product. The allegations of the complaint allege neither a contract nor a sale between the plaintiffs and the defendant UWDM. Fundamentally, an action for breach of warranty, express or implied, requires that ". . . there has to be evidence of a contract between the parties, for without a contract there could be no warranty." Hamon v. Digliani, 148 Conn. 710, CT Page 10908 712 (1961). Where there is no sale of the product to the plaintiff, there is no privity of contract. Garthwait v. Burgo, 153 Conn. 284, 286 (1965). The gist of the complaint herein is that the plaintiffs contracted with the named defendant for, inter alia, windows of a certain quality and installation of those windows; that the contractor failed to provide the quality of window called for in the contract and installed the windows that he did provide in an unworkmanlike and negligent manner.
No duty of care was owed by UWDM to the plaintiffs. "Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wilson v. New Haven, 213 Conn. 277, 279 (1989). This serves the useful function of eliminating ". . . the delay and expense of litigating an issue when there is no real issue to be tried." Wilson, Id.
The motion for summary judgment is granted.
BY THE COURT, LEANDER C. GRAY, JUDGE.